77 So.2d 876 (1955)
Samuel J. HORNBECK, alias Jerome Bryant, alias Lawrence Baker, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
March 9, 1955.
*877 E. John Nelson and John E. Santora, Jr., Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
The appellant was found guilty of a charge of murder in the first degree, without recommendation of mercy, and has appealed from the judgment of conviction entered thereon which carries a mandatory sentence of death.
The facts upon which the charge against the appellant was based are briefly as follows: The appellant and one Goldman committed a robbery by holding up the bartender and the only remaining patron in a cafe at 1:00 o'clock in the morning. The appellant was armed with a .32 automatic, and Goldman had a Smith & Wesson .38. During the time that the robbery was taking place, the car being used by appellant and Goldman, which they had parked outside the cafe, was recognized by police officers on a routine patrol as being a stolen car. The officers surrounded the building and demanded that the occupants come out. The appellant and Goldman attempted to effect their escape by forcing the bartender and the patron at gunpoint to precede them out the door, and calling out to the officers *878 "We are coming out, we are coming out with hostages, and if you shoot, we will kill them."
The robbers and their hostages made it safely to the stolen car, only to find that the officers had previously removed the keys. At that point, several shots were fired by both sides, and one of the officers was killed, his death resulting from a bullet which had been fired from a Smith & Wesson .38 pistol. There was evidence from which the jury could infer that the bullet had come from Goldman's gun, although it was shown that the officers were also using Smith & Wesson .38's. Goldman was killed shortly thereafter, but the appellant escaped, temporarily, by fleeing into the darkness and subsequently commandeering another car at gunpoint. He was captured later that night.
The principal questions on this appeal have to do with the sufficiency of the evidence, outlined above, to support a charge of murder in the first degree, as defined by Section 782.04, Fla. Stat., F.S.A., the statute under which the appellant was charged.
Section 782.04, supra, provides that "The unlawful killing of a human being * * * when committed in the perpetration of or in the attempt to perpetrate any * * * robbery * * * shall be murder in the first degree * *." The appellant contends, first, that under this statute the person killed must be the person upon whom the robbery is, or is attempted to be, perpetrated. We do not construe our previously decided cases as so holding, and we approve the view taken by the Pennsylvania Supreme Court in Commonwealth v. Almeida, 362 Pa. 596, 68 A.2d 595, 614, 12 A.L.R.2d 183, wherein the exact question now before us was disposed of in the following terms:
"When men engaged in a scheme of robbery arm themselves with loaded revolvers they show that they expect to encounter forcible opposition and that to overcome it they are prepared to kill anyone who stands in their way. If in the course of their felonious enterprise they open deadly fire upon policemen or others and if in self-defense and to vindicate the law the fire is returned and someone is killed by a bullet fired in the exchange of shots, who can challenge the conclusion that the proximate cause of the killing was the malicious criminal action of the felons? No other genesis can justly be assigned to the homicide. The felon should be adjudged guilty of murder in the perpetration of a robbery, that is, murder in the first degree. As President Judge King said 105 years ago in Commonwealth v. Hare, supra: `Such we believe to be the law, founded on the plainest reason, justified by the clearest expediency, and demanded by the most obvious necessity.'"
The appellant's contention that the person killed must be the person robbed cannot, then, be sustained.
It is also contended that the evidence shows that the crime of robbery had been completed at the time the officer was shot, so that the appellant cannot be held guilty as a principal in the second degree for a crime committed by his partner, Goldman, as the principal in the first degree. This contention is likewise without merit.
The guilt of the appellant, as a principal in the second degree, is based upon the rule that "`If the accused was actually or constructively present aiding and abetting the robbery and the "unlawful killing" was committed in the perpetration of * * the robbery he is equally guilty of the murder with the other principal, even though prior to the robbery there was no premeditated design by either to commit a homicide. 29 C.J. 1073 * * * the presence of the aider and abettor need not have been actual, * * * provided the aider, pursuant to a previous understanding, is sufficiently near and so situated as to abet or encourage, or to render assistance to, the actual perpetrator in committing the felonious act or in escaping after its commission. *879 See Baldwin v. State, 46 Fla. 115, 35 So. 220; People v. Lawrence, 143 Cal. 148, 76 P. 893, 68 L.R.A. 193; 16 C.J. p. 126; 1 R.C.L. p. 139; 1 Michie on Homicide, p. 37. * * *'" Henderson v. State, Fla. 1954, 70 So.2d 358, 359, citing Pope v. State, 84 Fla. 428, 94 So. 865. (Emphasis added.)
As indicated in the above quotation, this rule has, by a great majority of the courts, been held broad enough to include homicides committed in attempts to escape from the scene of the crime, especially when the crime is that of robbery. See the cases cited in the annotation in 108 A.L.R., beginning at page 847. The reason for this holding is well expressed by the California court in People v. Boss, 210 Cal. 245, 290 P. 881, 883, as follows:
"It is a sound principle of law which inheres in common reason that where two or more persons engage in a conspiracy to commit robbery and an officer or citizen is murdered while in immediate pursuit of one of their number who is fleeing from the scene of the crime with the fruits thereof in his possession, or in the possession of a coconspirator, the crime is not complete in the purview of the law, inasmuch as said conspirators have not won their way even momentarily to a place of temporary safety and the possession of the plunder is nothing more than a scrambling possession. In such a case the continuation of the use of arms which was necessary to aid the felon in reducing the property to possession is necessary to protect him in its possession and in making good his escape. Robbery, unlike burglary, is not confined to a fixed locus, but is frequently spread over considerable distance and varying periods of time. The escape of the robbers with the loot, by means of arms, necessarily is as important to the execution of the plan as gaining possession of the property. Without revolvers to terrify, or, if occasion requires, to kill any person who attempts to apprehend them at the time of or immediately upon gaining possession of said property, their plan would be childlike. The defense of felonious possession which is challenged immediately upon the forcible taking is a part of the plan of robbery, or, as the books express it, it is res gestae of the crime."
Other procedural questions have been argued here by appellant and have been carefully considered by this court. We have also reviewed the evidence, pursuant to subparagraph (2) of section 924.32, Fla. Stat., F.S.A. to determine if the interests of justice require a new trial, with the result that we find no reversible error and that the evidence does not reveal that the ends of justice require a new trial to be awarded.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
MATHEWS, C.J., and TERRELL, THOMAS, HOBSON and DREW, JJ., concur.
SEBRING, J., not participating.