344 So.2d 1334 (1977)
Lawrence Carl WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1009.
District Court of Appeal of Florida, Second District.
April 29, 1977.
Rehearing Denied May 19, 1977.
William F. Casler, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
This case presents the important question of whether the appellant herein can be prosecuted for second degree felony-murder *1335 where his accomplice is killed by a police officer during the commission of a robbery. The trial court held that he could. We reverse.
On November 11, 1975 appellant, McRae and the deceased, Robertson, were in the process of committing a robbery on a convenience store. Prior to commission of the crime members of the anti-robbery squad of the St. Petersburg Police Department had staked out the convenience store. The undisputed facts reveal that appellant and McRae committed the actual robbery while Robertson waited in the automobile. Following the robbery appellant and McRae then exited the store and returned to the awaiting car. After entering the automobile McRae began shooting at the police officers and the officers returned the fire.
At that point appellant and Robertson exited the vehicle in an attempt to escape. Subsequently dogs were brought in and tracked down appellant, whereupon he immediately surrendered and told arresting officers that Robertson had been injured. Robertson was found and pronounced dead. Medical examination indicated that Robertson had been shot only once.
There was no indication of the caliber of the weapon, but testimony at appellant's plea hearing showed that the bullet made a complete entry and exit consistent with a .38 slug or double-ought buckshot, both of which were being used by police officers. Police officers found four empty rounds in the firearm employed by McRae, but there was substantial evidence indicating that these four rounds were all fired in the direction of the police officers. It was also shown that the appellant had no gun in his possession at the time of his surrender and subsequent arrest.
An indictment was thereafter returned against the appellant charging him in one count with second degree felony-murder and in the second count with armed robbery. The appellant, age 17, waived jurisdiction of the juvenile court and stood trial as an adult. Prior to trial appellant entered pleas of not guilty to both counts of the indictment and moved to dismiss that part of the indictment charging second degree felony-murder on the basis of State v. Williams, 254 So.2d 548 (Fla. 2d DCA 1971). Following a denial of this motion appellant entered into negotiations with counsel for the state and pursuant to a plea bargain entered a plea of guilty to the robbery count and nolo contendere to the murder charge. This appeal followed.
The issue in this case can be stated by way of the following question:
Does Section 782.04(3), Florida Statutes, defining those who shall be liable for second degree felony-murder, contemplate prosecution for that offense where an accomplice, co-conspirator, or co-perpetrator of the underlying felony, is subsequently killed by a police officer during the commission of the underlying felony?
The answer to this question forms the sole basis of this appeal and for the reasons stated below we answer it in the negative.
In State v. Williams, 254 So.2d 548 (Fla. 2d DCA 1971), a similar factual situation was presented for our consideration. We held in that case, under the predecessor of the statute herein, that a felon, who conspired with the deceased co-conspirator to burn certain buildings, could not be found responsible under the felony-murder rule for the death of the co-conspirator who was fatally burned when he accidently set fire to himself while attempting to burn the buildings. Judge McNulty, noting that the question of a felon's criminal liability for the death of his co-conspirator occurring during the commission of the felony was one of first impression, posited,
"[T]he obvious ultimate purpose of the felony-murder statute ... is, we think, to prevent the death of innocent persons likely to occur during the commission of certain inherently dangerous and particularly grievous felonies. The method employed by the statute to accomplish this purpose is, of course, to create a deterrent to the commission of such felonies by substituting the mere intent to commit those felonies for the premeditated design to effect death *1336 which would otherwise be required in first degree murder if someone were killed in the commission thereof.[11] But we emphasize that the statute is primarily designed to protect the innocent public; and it would be incongruous to reach a conclusion having the effect of placing the perpetrators themselves beneath its mantle." (footnote omitted)
254 So.2d at 550-51.
Our research has not indicated, and nor are we aware of, any change in Florida in the rule enunciated in Williams. In fact the ratio decidendi of that case was expressly approved by this court recently in State v. Briscoe, 341 So.2d 1093 (Fla. 2d DCA 1976), a case factually apposite to the instant case. The question in that case, like the instant case, was whether the accused co-perpetrator of a robbery could be held criminally accountable under Section 782.04(3) for second degree felony-murder when her accomplice was killed by a third person not engaged in the perpetration of the offense. We affirmed the dismissal of the indictment specifically on the basis of Williams. It should be noted that Williams, and particularly Briscoe, only differ in their posture from the case sub judice in that both of those cases came to us from dismissals of indictments.
It is asserted by the state that at the time Williams was decided only two degrees of felony-murder existed under Section 782.04, i.e., first and third degree felony-murder. Following Williams, the state points out the legislature in 1972 amended Section 782.04 to include a second degree felony-murder provision.[1] This latter provision was amended in 1975 and now Section 782.04(3), Florida Statutes (1975), provides in part,
"(3) When a person is killed ... by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree...." (emphasis added)
The state contends, inter alia, that the statute as amended need not be interpreted, is a direct repudiation of this court's decision in Williams, and imposes liability on perpetrators of felonies for the death of any person killed by third persons not involved in the criminal activity.
In rejecting these contentions we note that the state previously asserted similar arguments in Briscoe. Moreover, we think that prior to the 1975 amendment to the statute a perpetrator's criminal liability for any deaths occurring during the commission of one of the specified felonies was defined only in narrow and sometimes confusing circumstances. Cases which have arisen under our felony-murder statute, as it existed prior to this amendment, can be broken down into the following situations:
1. Perpetrator or co-perpetrator kills innocent party (victim, police officer, bystander) in furtherance of felony;
2. Perpetrator or co-perpetrator kills self in furtherance of felonious conduct;
3. Innocent party to felony (victim or police officer) kills another innocent party (victim, police officer or bystander); and
4. Innocent party kills perpetrator or co-perpetrator.
With respect to situation one the purpose of the felony-murder statute is clearly met since an innocent party to the transaction is the victim of the homicide. Cf. Hornbeck v. State, 77 So.2d 876 (Fla. 1955) (officer shot by either robber or fellow officer); Jefferson v. State, 128 So.2d 132 (Fla. 1961) (victim of robbery killed by robber's accidental discharge of gun).
Situation two contemplates a unique case falling without the ambit of the statute, i.e., no innocent party killed. Williams, *1337 supra. With regard to category three Hornbeck, supra, suggested that the felony-murder rule would be applicable to that factual situation. However, in State v. Andreu, 222 So.2d 449 (Fla. 1st DCA 1969) our sister court held the felony-murder rule inapplicable where one police officer was killed by a second officer, the latter trying to apprehend the defendant.
Looking to the factual circumstances in the case sub judice, which properly fall under the fourth category denominated above, we do not believe that the second degree felony-murder statute, as amended, was intended to cover this situation. Instead, the language,
"When a person is killed ... by a person other than the person engaged in the perpetration of ... such felony, the person perpetrating ... such felony shall be guilty of murder in the second degree. .. ."
contained in the 1975 statute envisions the situation where an innocent party kills another innocent party in the course of one of the specified felonies. As such we believe the statute was intended to clarify the confusion which existed after Andreu, supra, as it was compared with the earlier decisions in Hornbeck, supra, and related cases. To impose criminal responsibility on a felon for the death of an innocent person, whether such death is caused by the felon or by an innocent person is, we think, consistent with the ultimate purpose of the felony-murder rule, i.e., to protect innocent persons.
In holding the second degree felony-murder statute inapplicable to the instant facts we are mindful of the state's contention that this language may logically be extended to impose liability on a felon for the death of a co-felon occurring during the commission of a particular felony. Although a literal reading of the language in Section 782.04(3) may bear out this conclusion, we decline to extend the umbrella of this statute to impose criminal liability on a guilty party for the death of another guilty party. The legislature could have changed the underlying purpose of the rule but it did not. Absent clear language or a supreme court mandate to the contrary, the second-degree felony-murder statute is inapplicable where a police officer kills a perpetrator of a felony during the commission of the crime.[2]
Accordingly, the judgment of guilt for second degree murder is reversed and the sentence vacated. The judgment and sentence for robbery is affirmed.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] Addition of this crime of second degree felony-murder was explained in State v. Dixon, 283 So.2d 1 (Fla. 1973) as reviving the distinctions between principals in the first and second degree on the one hand and accessories before the fact on the other. Nowhere in that opinion does the court indicate that addition of this crime did, or was intended, to expand the aim of the felony-murder principle.
[2] Our interpretation of this statute is in line with the current trend to interpret the felony-murder statutes in a narrow manner. As stated in 40 Am.Jur.2d, Homicide, § 39 (1968),

"In a few instances, the `proximate cause' theory of felony-murder responsibility has been invoked in an attempt to hold a felon responsible for the murder of his accomplice where the latter has been killed by another in the course of the original felony, but in accord with the modern tendency to restrict the growth of the felony-murder principle,[12] the courts have generally construed the statutes with strictness and have held the felony-murder principle not applicable.[13]" (footnotes omitted)
For more extensive treatment of the criminal liability of one engaged in felonious activity for a homicide committed by a person not a participant to the felonious acts, see Annot., 56 A.L.R.3d 239 (1974).