SCHEB, Judge.
Appellant asks this court to reverse his conviction for felony murder. He contends that the trial court erred in denying his motion to dismiss that charge since as a matter of law he could not be guilty of the crime. We agree and reverse.
On November 11, 1975, appellant and Lawrence Carl Wright entered a convenience store where they committed robbery. Marvin Robertson waited for them in a car parked outside the store. As Wright and appellant returned to the car, members of the St. Petersburg Police Department surprised them. Appellant shot at the officers. The officers returned fire, wounding appellant and killing Robertson. The state charged appellant with the robbery, and additionally with the second-degree felony murder in the death of Robertson.
Appellant pled guilty to robbery; however, he entered a plea of nolo contendere to the second-degree felony murder charge, specifically reserving the right to appeal the denial of his motion to dismiss. The trial court adjudged appellant guilty of both crimes, and imposed a general sentence of life imprisonment.
Appellant contends that when the police kill a participant in a felony, as in this case, the coperpetrators are not guilty of felony murder. As authority for this proposition appellant cites Wright v. State, 344 So.2d 1334 (Fla.2d DCA 1977), wherein the state prosecuted appellant’s codefendant Wright for the same crimes. We think this case is controlled by Wright and for the reasons therein stated appellant’s conviction of second-degree felony murder cannot stand.
The conviction for second-degree murder is vacated. Since the trial court imposed a general sentence, it is impossible to determine what sentence the trial court intended to impose for the robbery conviction; therefore, this cause is remanded with directions to resentence appellant for the crime of robbery. Appellant shall be entitled to be present at the resentencing.
GRIMES, Acting C. J., concurs.
OTT, J., dissents with opinion.