OTT, Judge,
dissenting.
The action of the majority is an acceptance and further application of this court’s opinion in State v. Williams, 254 So.2d 548 (Fla.2d DCA 1971), followed and further extended by this court in Wright v. State, 344 So.2d 1334 (Fla.2d DCA 1977).
Section 782.04(3), Florida Statutes (1976) provides in relevant part:
When a person is killed in the perpetration of, or in the attempt to perpetrate any . . . robbery . . . by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree . . . . (Emphasis supplied)
In Wright, the court declined “. to extend the umbrella of this statute to impose criminal liability on a guilty party for the death of another guilty party.” 344 So.2d at 1337. To the contrary I am of the opinion that this court thereby imposed an unwarranted restriction of the clear and unambiguous language of the statute. In so holding, this court reiterated the finding of Williams that “a person” is to be defined as meaning an “innocent person.” This is *1254 simply adding a word that a reading of the statute does not in any way suggest or support.
In promulgating the “innocent person” test in Williams, Judge McNulty stated as follows:
The test we suggest is predicated upon the obvious ultimate purpose of the felony-murder statute itself which is, we think, to prevent the death of innocent persons likely to occur during the commission of certain inherently dangerous and particularly grievous felonies. . But we emphasize that the statute is primarily designed to protect the innocent public; and it would be incongruous to reach a conclusion having the effect of placing the perpetrators themselves beneath its mantle. (Emphasis in original.) 254 So.2d at 550-51.
I submit that the protection of the public is best served by holding the perpetrators criminally liable for any death that results. This seems to be the clear intention of the legislature. In retrospect, the Williams court was faced with a situation in which there existed no statutory second degree felony-murder charge since, at that time, the statute provided for only two degrees of felony-murder, i. e., first and third degree felony-murder. Moreover, the unique facts in Williams militated against holding the defendant liable for first degree murder. There, the defendant had conspired with one Hannsen for Hannsen to burn defendant’s hunting camp so that defendant could collect the fire insurance proceeds thereon. While attempting the arson, Hannsen accidentally set fire to himself. He died from the burns. The court made much of the fact that the defendant — who was out of the county at the time of the arson — had not been an active participant in Hannsen’s death.[1]
What happened in Williams was that this court was faced with a difficult factual situation and an incomplete statute; the result of this hard case was bad law.
In Vocelle v. Knight Brothers Paper Company, 118 So.2d 664, 667 (Fla.1st DCA 1960) the court stated:
When the words of a statute are plain and unambiguous the courts must give to them their plain meaning. ... If the language of a statute is clear and not entirely unreasonable or illogical in its operation, the court has no power to go outside the statute in search of excuses to give a different meaning to words used in the statute.
It would be difficult to argue that this court in Wright and especially in Williams have not gone outside Section 782.04(3), Florida Statutes. Of course, the 1975 amendment — which provided the specific language now effective — was legislated after the Williams case.
The present case raises serious questions 'as to the wisdom of the Wright-Williams line of authority. We have here a situation where a pistol-wielding robber, such as McRae, who initiates a gun battle with police stands protected against the resulting death of one of his coperpetrators. Under the present facts — governed by Section 782.04(3) because of the fact that the death bullet could not be traced to McRae and therefore must be considered as having been fired “by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony”— McRae may not be prosecuted for the homicide. Going one step further, under the Williams test approved in Wright, had McRae’s deceased coperpetrator been killed by one of McRae’s bullets directed at the police, McRae could not even then be prosecuted under the felony-murder statute (specifically under Section 782.04(1)) because his coperpetrator would not be regarded as an “innocent victim.”
In addition, the “innocent victim” test will, in other readily conceivable instances, *1255 inject a sticky issue of whether or not the person killed was “innocent.” This can only further confuse and complicate what was otherwise a clear, forthright statutory crime.

. The court was persuaded by the reasoning of a Pennsylvania court in Commonwealth v. Bolish, 391 Pa. 550, 138 A.2d 447 (1958). There, according to the Williams court “it was stressed that the appellant was present at the scene of the arson and was an active participant.” 254 So.2d at 550. (Emphasis in original)