382 So.2d 731 (1980)
STATE of Florida, Appellant,
v.
Rudolph PEREZ, Appellee.
No. 79-61.
District Court of Appeal of Florida, Second District.
March 19, 1980.
Rehearing Denied April 23, 1980.
*732 Jim Smith, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
J. Scott Taylor, Tampa, for appellee.
PER CURIAM.
Appellee Perez was indicted for the first-degree felony murder of his coperpetrator of an arson, Tomargo, who died of burns sustained in the course of perpetrating the offense. The indictment alleges that appellee perpetrated the arson, and the facts available to this court indicate that appellee was present at the scene when the arson was committed. The trial court dismissed the indictment on the authority of this court's opinions in State v. Williams, 254 So.2d 548 (Fla. 2d DCA 1971), and Wright v. State, 344 So.2d 1334 (Fla. 2d DCA 1977).
In Williams, the accused, who was charged with first-degree felony murder, procured the victim, Hannsen, to set a fire and was not present when the deed was done. Hannsen was fatally burned when he accidentally set fire to himself while attempting to perpetrate the arson. This court held that a death by the victim's own hand and not in the presence of the accused was simply not a criminal homicide. We think Williams was correct up to that point. However, Williams went further, additionally holding that the first-degree felony murder statute is applicable only when an innocent person is killed as a result of events set in motion by a person or persons acting in furtherance of the commission of, or an attempt to commit, one of the felonies enumerated in the statute.
The test we suggest is predicated upon the obvious ultimate purpose of the felony-murder statute itself which is, we think, to prevent the death of innocent persons likely to occur during the commission of certain inherently dangerous and particularly grievous felonies. The method employed by the statute to accomplish this purpose is, of course, to create a deterrent to the commission of such felonies by substituting the mere intent to commit those felonies for the premeditated design to effect death which would otherwise be required in first degree murder if someone were killed in the commission thereof. But we emphasize that the statute is primarily designed to protect the innocent public; and it would be incongruous to reach a conclusion having the effect of placing the perpetrators themselves beneath its mantle. Holding that the facts herein constitute first degree murder would give the statute just such an effect and would render the accused answerable equally as though he were responsible for the death of an absolutely innocent person. We think such result anathema to the statutory purpose. So really, in these cases, the inquiry should be simply whether an innocent person was killed. [Footnote omitted.]
254 So.2d at 550-551. Wright reached a similar result concerning the second-degree felony murder statute.
While we agree with the trial court that Williams appears to be controlling here under the rule of stare decisis, we feel we *733 must recede from the "innocent person rule" as espoused in Williams in light of our supreme court's holding in Mikenas v. State, 367 So.2d 606 (Fla. 1978).[1] In Mikenas, the court was concerned with Section 782.04(3), Florida Statutes (1977), the second-degree felony murder statute, rather than Section 782.04(1), the first-degree felony murder statute. While expressly declining to decide whether this court's reasoning and rationale in Williams were correct, the supreme court affirmed Mikenas' conviction of the second-degree felony murder of one of his coperpetrators, who had been shot and killed by a policeman attempting to apprehend him. The court stated: "The language of Section 782.04(3) is not ambiguous or vague. It refers to `a person' and must mean `any person.' If the Legislature had intended something other than this, it could have inserted the word `innocent.'" Id. at 609. The court went on to hold specifically that there was nothing in the clear language or history of Section 782.04(3) which limited its application to the death of innocent persons. See also Judge Ott's well-reasoned dissent in McRae v. State, 355 So.2d 1252 (Fla. 2d DCA), cert. denied, 360 So.2d 1250 (Fla. 1978).
We believe that the analysis of Section 782.04(3) in Mikenas is equally applicable to Section 782.04(1). Thus, while Williams may not be in direct conflict with Mikenas, different statutes being involved in the two cases, it is in conflict with the rationale of Mikenas and should be receded from to the extent it is in conflict with Mikenas.[2]
Accordingly, the trial court's order dismissing the indictment against appellee is REVERSED and the cause REMANDED.
HOBSON, Acting C.J., and BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] Wright v. State, 344 So.2d 1334 (Fla. 2d DCA 1977), is not necessarily controlling, since it involves a different statute. In any event, it was overruled sub silentio by Mikenas v. State, 367 So.2d 606 (Fla. 1978), and has subsequently been reversed. State v. Wright, 379 So.2d 96 (Fla. 1979).
[2] Notwithstanding the incorrect rationale upon which the holding in State v. Williams, 254 So.2d 548 (Fla. 2d DCA 1971) was ultimately predicated, we believe, as mentioned earlier in this opinion, that the result in Williams was nevertheless correct. Our conclusion is based on differences in the wording of the two statutes. Section 782.04(1)(a) provides in pertinent part: "The unlawful killing of a human being, ... when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, ... [one of the enumerated felonies] shall be murder in the first degree... ."

Section 782.04(3) provides in pertinent part:
"When a person is killed in the perpetration of, or in the attempt to perpetrate, ... [one of the enumerated felonies] the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree... ."
Section 782.04(1)(a), the first-degree felony murder statute, requires an unlawful killing. The accidental death of a person at his own hands is not unlawful. Thus, Williams could not be held to account for Hannsen's death under this statute. Section 782.04(3), however, requires only that a person be killed in the perpetration of one of the enumerated felonies. Williams could have been charged with second-degree murder as a result of Hannsen's death.
In the instant case, the facts presently before this court do not clearly indicate whether Tomargo died as a result of his own actions, acts committed by appellee, or a combination of the two. If appellee's actions were even in part the cause of Tomargo's death, the killing was unlawful and Section 78.04(1)(a) is applicable.