285 So.2d 5 (1973)
Herman JENKINS, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Director Division of Corrections, State of Florida, Respondent.
No. 44045.
Supreme Court of Florida.
October 17, 1973.
Rehearing Denied November 30, 1973.
Herman Jenkins, Jr., in pro. per.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
This cause is an original proceeding in habeas corpus wherein Petitioner seeks credit time toward concurrent sentences being served in the State Prison. We issued the writ pursuant to Article V, Section 3(b)(6), Florida Constitution, F.S.A., and Respondent filed his return thereto.
Petitioner Jenkins was tried and adjudged guilty on both counts in Case No. 61250 of breaking and entering with intent to commit a felony and grant larceny. Jenkins was also tried and adjudged guilty in Case No. 61251 of breaking and entering with intent to commit a misdemeanor. On March 9, 1970, the Polk County Criminal Court of Record sentenced Jenkins in Case No. 61250 as follows:
"... as to Count One, to be confined in the State Prison of Florida, at hard labor for a term of Five (5) Years, and said Defendant is to be given credit for Three Hundred and Four (304) Days spent in County Jail awaiting sentence, and for your said offense as to Count Two, be confined in the State *6 Prison of Florida at hard labor for a term of Five (5) Years, and said sentence to run concurrently with Count One."
On the same date Jenkins was sentenced in Case No. 61251 to hard labor for a term of five years to run consecutively with Case No. 61250.
It is the wording of the concurrent sentences in Case No. 61250 that presents the question now to be decided.
Petitioner contends that he is to be credited with the time spent in the county jail awaiting sentence on both the five-year sentences in Case No. 61250, which run concurrently.
Respondent contends that in Case No. 61250 the Petitioner is entitled to receive credit for 304 days spent in the county jail awaiting sentence on the five-year sentence on Count I, but that Petitioner was also sentenced to an additional five years on Count II, to run concurrently with the sentence on which jail time was credited. Respondent argues that no credit for jail time was granted on the second five-year concurrent sentence and that the net effect of these two sentences in Case No. 61250 plus an additional five-year consecutive sentence in Case No. 61251 is a total sentence of ten years in Respondent's custody. With Respondent we cannot agree.
We agree with the Petitioner's contention. To conclude the sentencing judge only intended to grant Petitioner credit time on the first concurrent sentence and not on the other would necessarily result in Petitioner serving the longer sentence on Count II and in not having the benefit of the credit time granted him by the trial court. To adopt the interpretation of the Respondent would be tantamount to granting the Petitioner credit time and then taking it away, in short a meaningless act, resulting in no credit time whatsoever. We are not persuaded by such an absence of logic.
In support of his interpretation denying credit time on Petitioner's sentence on the second count, Respondent cites Falagan v. Wainwright, 195 So.2d 562 (Fla. 1967). In Falagan we ordered recalculation of the Petitioner's sentence, saying:
"The sentence appears to us to be unequivocal. Where the language of a sentence is clear we have no power to change it by speculating that the trial judge meant something else." Supra, at 563.
In the instant case, however, the language of the sentences in issue is not clear and unequivocal and to accord it the interpretation urged by the Respondent would be illogical. The language giving credit for the 304 days county jail time is not restricted solely to the first sentence on Count I, but is susceptible to a reasonable interpretation that it has concurrent application to the sentence on the second count.
We hold, therefore, that Petitioner is entitled to credit time of 304 days spent in the county jail on both sentences of five years in Case No. 61250 to run concurrently, together with Petitioner's sentence of five years in Case No. 61251 to run consecutively with Case No. 61250, for a total sentence of ten years less credit time of 304 days.
The Petitioner is remanded to the custody of the Respondent, with directions to calculate his sentence in accordance with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS and BOYD, JJ., concur.
ADKINS, McCAIN and DEKLE, JJ., dissent.