PER CURIAM.
Dixon appeals from judgments and sentences for breaking and entering with intent to commit a felony, to wit: grand larceny, buying, receiving and concealing stolen property, and possession of heroin which were entered following revocation of probation. The sentences were fifteen years for the breaking and entering, five years for possession of heroin (to be served consecutively), and three years for receiving stolen goods (to be served concurrently).
Only one point merits discussion, that relating to whether appellant received full credit for jail time. The record on appeal includes a letter from the warden of the Hillsborough County Jail indicating that appellant was incarcerated from April 25, 1978 to August 6, 1973, early on in his current troubles with the law, for possession of stolen property, possession of heroin and carrying a concealed weapon. If appellant had been actually incarcerated for these charges, and the possession and breaking and entering charges are the same ones appealed here, he is entitled to credit if he has not already received it.[1] He is not entitled to duplicate credit, however; and the record on appeal does not reflect whether or not he has already received credit for the jail time served from April 25 to August 6.
The orders revoking probation are therefore affirmed but this cause is remanded with directions to the trial court to determine whether appellant is entitled to credit for his incarceration from April 25 to August 6,1973. If he is entitled to credit, it is unnecessary that appellant be resentenced. The trial court may enter an order correcting appellant’s jail time credit and appellant need not be returned to the court for this purpose.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.

. See Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974). While appellant was incarcerated prior to the amendment of Section 921.161(1), Florida Statutes, making credit mandatory, he was entitled to credit since he was sentenced after the amendment became effective. Nash v. State, 313 So.2d 118 (Fla. 2d DCA 1975).