GRIMES, Acting Chief Judge.
In 1974 appellant was charged by information with forcible rape contrary to Section 794.01, Florida Statutes (1973). A mistrial in the first trial of the case was declared when the jurors were unable to reach a verdict. Appellant’s second trial resulted in a conviction. Appellant was adjudicated guilty and sentenced to life in prison with credit for time served. On appeal this court reversed and granted appellant a new trial. Lyttle v. State, 320 So.2d 424 (Fla.2d DCA 1975).
After appellant’s conviction in the second trial, but prior to the reversal of that conviction by this court, appellant was sentenced to three four-year prison terms for inciting to commit perjury, tampering with a state witness and concealing evidence. The sentencing judge directed that these sentences be served concurrently with the previously imposed life sentence.
Another mistrial occurred during a third trial. Appellant’s fourth trial resulted in a conviction, and he was again sentenced to life in prison. The judgment and sentence *943 provided, “Not to receive credit for time served. Said sentence to run consecutive to sentence now serving.”
In this appeal appellant argues that it was error for the trial court to impose a consecutive life sentence upon re-conviction because it amounts to an enhancement of his previously reversed life sentence. Appellant further contends that it was error to deny him credit for time served. He relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in support of both arguments. We agree.
Whether a life sentence is concurrent or consecutive with other sentences may affect a future decision of the Parole and Probation Commission to grant or deny appellant parole. The determination that appellant’s new sentence must be served consecutively to the other three had the effect of enhancing the severity of the sentence because prior to the reversal of his original life sentence, all four sentences were concurrent. Whenever a trial judge imposes a more severe sentence upon a defendant after a new trial, the factual data upon which the increased sentence is based must affirmatively be made part of the record. North Carolina v. Pearce, supra. Since the trial judge did not articulate his reasons for imposing consecutive time, the most he could do was to impose a concurrent life sentence.
It was also error to deny appellant credit for time served. The constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully credited in imposing sentence for reconviction of the same offense. North Carolina v. Pearce, supra; cf. Section 921.161(1), Florida Statutes (1973). The fact that the sentence is for life does not diminish the requirement to allow credit for time served. Jenkins v. State, 346 So.2d 1055 (Fla.2d DCA 1977). Appellant is entitled to receive credit time since his initial incarceration. Marshall v. State, 310 So.2d 55 (Fla.2d DCA 1977).
We have examined the other issues raised by appellant in this appeal and consider them to be without merit.
We affirm appellant’s conviction but remand this case to the trial court with directions to correct appellant’s sentence by making it concurrent with his other sentences and by specifying the amount of credit time. Appellant need not be present for this purpose.
SCHEB and DANAHY, JJ., concur.