BOARDMAN, Chief Judge.
Appellant/defendant Ronald Mark Holloway was charged with rape and kidnapping in case number 74 — 4334 by an information filed September 9, 1974. The trial court subsequently granted appellant’s motion to suppress. The state appealed that order to this court, and we reversed. State v. Holloway, 318 So.2d 421 (Fla. 2d DCA 1975). Upon the issuance of our mandate appellant pled nolo contendere to the offenses charged. On March 25, 1976 appellant was adjudicated guilty and sentenced to a term of life imprisonment on the rape count and to a term of fifteen years imprisonment on the kidnapping count, the sentences to run concurrently with one another. That same day appellant was also adjudicated guilty and sentenced in two separate cases, unrelated to case number 74-4334. In case number 75-2672 appellant was sentenced to a term of life imprisonment, and in case number 75-2943 he was sentenced to a term of imprisonment for fifteen years. Both of these sentences were to run concurrently with the sentences imposed in case number 74-4334.
Appellant had filed for a writ of certiora-ri in the Supreme Court of Florida seeking review of our decision reversing the trial court’s order granting appellant’s motion to suppress. The supreme court quashed our opinion, Holloway v. State, 342 So.2d 966 (Fla.1977), and we withdrew our original mandate issued to the trial court and remanded for further proceedings in case number 74-4334.
Upon remand appellant elected a jury trial on the charges. The jury found appellant guilty of the lesser included offenses of assault and attempted kidnapping. The trial court imposed a sentence of sixty days imprisonment for assault and five years imprisonment for attempted kidnapping. The sentences were to run consecutively to one another and consecutively to the sentence imposed in case number 75-2672.
The issue raised on this appeal is whether the trial court erred in imposing the consecutive sentences in case number 74-4334 when the sentences initially imposed had been concurrent with one another and with the sentences in two other cases. Appellant argues that the consecutive sentences of sixty days and five years are illegal because they are an enhancement of the original concurrent sentences. We cannot agree that this is an enhancement. Clearly, the aggregate length of these terms is less than either the life sentence or the fifteen-year sentence which were initially imposed. We do hold, however, that the trial court’s order making the new sentences run consecutively to the sentence in case number 75-2672 results in an enhanced sentence. To substantiate this position we need only point out that while the original sentences in case number 74-4334 began to run at the same time as did the sentence imposed in case number 75-2672, under the new sentences the time to be served will not commence until after the sentence in ease number 75-2672 has been served.
*142 In Lyttle v. State, 352 So.2d 942 (Fla. 2d DCA 1977), this court held that a judge may not issue a greater sentence after retrial than that which was originally imposed unless he is able to cite facts concerning the defendant’s behavior which have come to light since imposition of the first sentence and which justify the enhancement. Accord, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). To hold otherwise would allow trial courts to punish defendants for exercising their right to appeal thereby offending our fundamental understanding of due process of law. Appellant argues and the state concedes that the trial court did not state its reasons or the factual data to justify imposing an enhanced sentence. Accordingly, it was error to order the sentences in case number 74-4334 to be served consecutively to the sentence in case number 75-2672.
We affirm the judgments but remand the case to the trial court with directions to correct the sentences imposed in this case by making them concurrent with the sentence imposed in case number 75-2672. Appellant need not be present for this purpose.
AFFIRMED in part, REVERSED in part, and REMANDED.
HOBSON and SCHEB, JJ., concur.