418 So.2d 286 (1982)
Robert Lee FENN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-247.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
Rehearing Denied August 31, 1982.
*287 Robert Lee Fenn, pro se.
No appearance for appellee.
PER CURIAM.
The defendant below, Robert Lee Fenn, filed a post-conviction 3.850 motion after separate convictions of burglary and battery. His first contention is that separate convictions and sentences for these offenses were improper. This contention is based on the now defunct "single transaction" rule; therefore, the motion was facially insufficient and properly denied summarily by the trial court without hearing and without attachment of a copy of that portion of the files and records conclusively showing the prisoner entitled to no relief.
The second ground set forth in the prisoner's motion, however, relates to a different issue: credit for time served before sentencing. The motion states:
Ground Two, the Defendant contends that the trial court failed to give Defendant sufficient credit for Jail time spent before sentencing from December 13, 1979, to March 13, 1980, in that he was held during that entire time on the charge of Burglary. Credit for Jail time is Mandatory. See, Dixon v. State, 339 So.2d 688 (Fla. 1976) accordingly, the court must enter an order correcting Defendant's Jail time credit.
The order of the trial court denying the motion in toto reads:
THIS CAUSE having come on to be heard on the 9th day of February, 1982, on defendant's motion for post-conviction relief under Fla.R.Crim.P. 3.850 and the Court being fully advised in the premises, it is therefore,
ORDERED AND ADJUDGED that the motion is denied because there is no legal or factual basis for granting such relief after examining the file.

*288 DONE AND ORDERED at Orlando, Florida this 9th day of February, 1982.
 /s/ Joseph P. Baker
 CIRCUIT JUDGE
The problem, as we perceive it, is that the second ground of the motion is imprecisely worded and while arguably insufficient on its face,[1] the trial judge apparently examined some portions of the file (presumably those showing arrest dates and the sentences with reflection of credit given) as a basis for denying the motion.[2]
Accordingly, this cause is remanded for sixty (60) days in order for the trial court to either (1) attach that portion of the file and record that conclusively refutes Ground Two of Fenn's motion, or (2) conduct an evidentiary hearing to determine whether Fenn was denied proper credit for time served prior to sentence per section 921.161(1), Florida Statutes (1981). Brown v. State, 409 So.2d 129 (Fla. 5th DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981); Wade v. State, 402 So.2d 534 (Fla. 5th DCA 1981); Benton v. State, 401 So.2d 1114 (Fla. 5th DCA 1981); Stephens v. State, 399 So.2d 1106 (Fla. 5th DCA 1981).
REMANDED WITH INSTRUCTIONS.
COBB, SHARP and COWART, JJ., concur.
NOTES
[1] This is arguable because the appellant concedes in his appellate brief that he was credited with 92 days of pre-sentence time  one day more than the period alluded to in the motion he filed with the trial court.
[2] Since there were two sentences for two crimes, the pre-sentence credit need not be allocated to but one of those sentences. The defendant is not entitled to duplicate credits. Dixon v. State, 339 So.2d 688 (Fla. 2d DCA 1976).