452 So.2d 938 (1984)
Larry MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1560.
District Court of Appeal of Florida, Second District.
April 6, 1984.
Rehearing Denied July 11, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant was convicted of two counts of attempted second degree murder with a firearm and two counts of armed robbery. The trial court sentenced defendant to thirty years imprisonment on each attempted murder charge, to be served concurrently, and twenty years imprisonment on each robbery charge, to be served concurrently. The sentences for robbery were to run consecutively to the attempted murder sentences. The court retained jurisdiction over one-half of each sentence imposed. On one of the attempted murder sentences, defendant was given credit for 271 days jail time served. Defendant has three points on appeal, two of which concern sentencing and have merit. We affirm defendant's conviction but remand for correction of sentences.
First, defendant correctly argues that the court erred under section 921.161(1), Florida Statutes (1981), by crediting on only one of his sentences the 271 days of jail time served. Generally when a defendant is sentenced on multiple charges, "he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple *939 charges... ." Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA 1974). However, when as here, the defendant received jail time credit on one sentence which was to run concurrently with another sentence, the other sentence should be corrected to apply the credit also to that sentence. See Bevins v. State, 412 So.2d 456 (Fla. 2d DCA 1982).
Second, defendant argues that the court improperly retained jurisdiction. The court should have retained jurisdiction over one-third of the total consecutive sentences. See Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983); § 947.16(3), Fla. Stat. (1982). Also, jurisdiction should be retained over only one of the concurrent sentences for attempted murder. See § 947.16(3), Fla. Stat. (1982).
Therefore, we AFFIRM defendant's convictions but REVERSE and REMAND for correction of sentences consistent with this opinion.
HOBSON, A.C.J., and SCHEB and LEHAN, JJ., concur.