PER CURIAM.
In this petition for writ of habeas corpus, petitioner alleges that he is being illegally incarcerated beyond the expiration of his sentence, based on the misconstruction of the four five-year sentences which he received as consecutive, rather than concurrent. Petitioner also alleges that 153 days jail-time credit to which he was entitled was improperly credited to only one of the four sentences, rather than to all four.
*983 In response to the show cause order of this court, respondent does not dispute petitioner’s allegations, rather he concedes that they are correct. Respondent agrees that, because the sentencing court did not “direct that two or more of the sentences be served consecutively,” the sentences are to be served concurrently. Section 921.16(1), Florida Statutes (1983). Respondent further concurs that the 153 days jail-time credit should have been credited to each of the four concurrent sentences. See Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984). Based on these facts, petitioner’s release date was recalculated, resulting in a release date of March 2, 1984. Respondent has therefore moved for remand to the trial court for the immediate entry of an order of release.
Such a remand is not necessary in this case, and the motion therefor is accordingly denied. Petitioner has alleged his immediate entitlement to release from incarceration and respondent has demonstrated, and concurs in, the correctness of that allegation. Accordingly, the petition for writ of habeas corpus is granted, and petitioner shall be immediately released from custody.
ERVIN, C.J., and THOMPSON and WIG-GINTON, JJ., concur.