450 So.2d 1275 (1984)
Buford A. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1228.
District Court of Appeal of Florida, Fifth District.
June 14, 1984.
*1276 Buford A. Green, pro se.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Buford A. Green, filed a pro se motion dated July 13, 1983, with the trial court "pursuant to Rule 3.800(a) and/or 3.850, Florida Rules of Criminal Procedure,"[1] asking that his credit for 407 days served be applied to two concurrent sentences rather than merely one. He asserted this failure by the trial court rendered the sentence illegal. This motion was denied by an order dated July 19, 1983, with the trial court expressly finding that the 407 days were credited to the sentence in a companion case.
The state does not challenge the timeliness of this appeal; however, the dissent does. The certificate of service on the July 19, 1983, order is undated. Assuming, arguendo, that the trial judge mailed the order to the defendant on the same day, said defendant had through August 6, 1983, to move for a rehearing  fifteen days under Rule 3.850, which expressly provides for rehearing of denial of a motion thereunder,[2] and three more days under Florida Rule of Criminal Procedure 3.070,[3] or a total of eighteen days.
On August 5, 1983, the defendant filed with the trial court a "Motion for Clarification of Sentence," setting forth an elaboration of the original motion. A fair reading of this pro se motion requires that it be construed as a motion for rehearing.[4] The motion for rehearing, therefore, was timely and tolled the rendition date of the order of July 19, 1983. The trial court, by order rendered on August 10, 1983, denied the "Motion for Clarification of Sentence" and the appellant filed a timely notice of appeal with this court on August 19, 1983. We, *1277 therefore, consider the appeal on the merits.
In the recent case of Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984), it was held that where a defendant receives jail time credit on one concurrent sentence, he must receive it on the other. The authority cited in Martin for that proposition is Bevins v. State, 412 So.2d 456 (Fla. 2d DCA 1982), which dealt merely with the miscalculation of credit time in a case where the trial court clearly intended dual credit time.
We covered this point in our en banc opinion in Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), wherein we said:
We cannot agree with the appellant that concurrent sentences for identical terms of years compel presentence jail time credit on each sentence. Nothing in section 921.161, Florida Statutes (1981), requires, or even suggests, this construction. We held in Fenn v. State, 418 So.2d 286 (Fla. 5th DCA 1982), that where there are two sentences for two crimes, the credit for presentence jail time need not be allocated to both of those sentences. We made no attempt in Fenn to distinguish between consecutive and concurrent sentences.
The appellant's reliance on the Florida Supreme Court case of Jenkins v. Wainwright, 285 So.2d 5 (Fla. 1973), is misplaced. The sentence in that case, which was imposed at a time when the granting of credit for time served was discretionary with the trial judge, was ambiguous, and the Supreme Court's opinion merely dealt with the reasonable interpretation of the intent of the sentencing judge. In the instant case, the intent is unambiguous... .
435 So.2d at 252. See also Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
On July 15, 1983, appellant filed a "Motion to Allow Credit for Jail Time." See § 921.161(1), Fla. Stat. The motion alleged it was under Rule 3.800(a) "and/or" 3.850, Florida Rules of Criminal Procedure. The motion also alleged that the sentencing court gave appellant credit for the 407 days confinement in jail against a sentence in case number 81-919-CFJ, but that appellant wanted credit for the same 407 days jail time against a concurrent sentence imposed in a companion case (No. 81-1087-CFJ). The trial judge promptly denied the motion by a final and appealable order dated and rendered July 19, 1983. On August 5, 1983, appellant filed a "Motion for Clarification of Sentence," again arguing for credit for the 407 days jail time against the sentence in case number 81-1087-CF. The trial judge promptly denied that motion by order rendered August 10, 1983. On August 19, 1983, appellant filed his notice of appeal of the order of July 19, 1983.
The motion for jail time credit was properly filed under Rule 3.850, not 3.800(a),[1] therefore, it is appealable under Rule 9.140(g), which rule provides the appeal shall be commenced as prescribed in Rule 9.110. The latter rule provides that the jurisdiction of this court is invoked by filing a notice of appeal with the clerk of the *1278 lower tribunal within thirty days of rendition of the order to be reviewed. Excluding the day of the act or event from which the designated period of time begins to run, that is, July 19, 1983 (the date the order to be reviewed was rendered), the last day of the thirty day appeal period included August 18, 1983, which was not a Saturday, Sunday or legal holiday. Accordingly, the notice of appeal filed August 19, 1983, was untimely and ineffective to invoke the jurisdiction of this court and this appeal should be dismissed.
In order to avoid this conclusion and to reach the merits the majority opinion construes defendant's "Motion for Clarification of Sentence" to be "a timely motion for rehearing" of the appealed order dated July 19, 1983, so that under Florida Rule of Appellate Procedure 9.020(g) the order of July 19, 1983, will not be deemed rendered until disposition of the "Motion for Clarification of Sentence" which occurred when the latter order was denied by order dated August 10, 1983. The defendant's "Motion for Clarification of Sentence" dated August 3, 1983, and filed August 5, 1983, is set forth in full below.[2] The question is: Can that document be fairly read to be intended to seek a rehearing of the appealed order of July 19, 1983, or is it an independent motion made for the purpose of requesting the trial court to issue an order directing the Department of Corrections to accept and treat the original sentence in case number 81-1087-CF as credited with 407 days of county jail time credit?[3]
Florida Rule of Appellate Procedure 9.020(g) defers rendition of orders for appeal purposes only when "an authorized *1279 and timely motion" for certain specified judicial relief, has been filed in the lower trial tribunal.[4] Rule 3.020 authorizes the criminal rules to be construed to secure simplicity in procedure but that rule does not "authorize" the use of motions not authorized by the criminal rules themselves in order to defer rendition under Rule 9.020(g).
The defendant's "Motion for Clarification of Sentence," which the majority opinion calls a motion for rehearing, is not a motion for rehearing, not adequate to defer rendition of the appealed order, and not effective to postpone expiration of the time for appeal in this case. Accordingly, this court does not have jurisdiction and this appeal should be dismissed.
NOTES
[1] By prior order of this court, requested by appellant, we treated this appeal as one from the summary denial of a 3.850 motion. See Fla.R.App.P. 9.140(g). We know of no reason why an illegal sentence violative of section 921.161(1), Florida Statutes (1983), could not be attacked at the trial level by either a 3.850 motion or a 3.800(a) motion.
[2] Rule 3.850 provides in pertinent part:

The prisoner may file a motion for rehearing of an order denying a motion under this rule within fifteen days of the date of service of the order. The clerk of the court shall promptly serve upon the prisoner a copy of any order denying a motion for post-conviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
See Williams v. State, 392 So.2d 323 (Fla. 1st DCA 1980), petition for review dismissed, 399 So.2d 1147 (Fla. 1981).
[3] Rule 3.070 states:

Additional Time after Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.
[4] See Fla.R.Crim.P. 3.020.
[1] A defendant is entitled to both a legal sentence and to credit for jail time credit under § 921.161(1), Fla. Stat. Both Rule 3.800(a) and Rule 3.850 are appropriate for the correction of an illegal sentence. A motion under Rule 3.850 is also appropriate to secure jail time credit. Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). However, because Rule 3.800(a) relates only to the correction of an illegal sentence it is not appropriate as the basis for a motion to secure jail time credit against a legal sentence. An illegal sentence is a sentence not authorized by law. Section 921.161, Florida Statutes, merely provides that a defendant is entitled to certain credits on his sentence. Failure to give such statutory credits against a lawful sentence does not cause that legal sentence to become an illegal sentence. An illegal sentence should be vacated, not credited with jail time. Jail time credit is appropriate only against a legal sentence. Calling a legal sentence that is entitled to credit an "illegal" sentence does not make it an "illegal" sentence.
[2] The defendant's motion is as follows:

MOTION FOR CLARIFICATION OF SENTENCE
COMES NOW the Defendant, BUFORD A. GREEN, pro se, and hereby moves this Honorable Court as aforesaid, alleging the following in support thereof:
1. That according to Judgment and Sentenced papers filed in open Court April 28, 1983, Defendant was sentenced to five years in the above-styled cause, with credit for 407 days for time he had been incarcerated prior to imposition of said sentence. The two case numbers in this cause were consolidated into one single count for sentencing purposes.
2. That according to Defendant's records maintained by the Florida Department of Corrections at the place of Defendant's incarceration, Reception & Medical Center at Lake Butler, Florida, there are to (sic) sets of Judgment and Sentence papers in Defendant's file relating to this cause. One set is identical to that heretofore described. However, the other set imposes sentences for two counts, one for each case number, of five years each, to run concurrently. Credit for 407 days of prior incarceration is given for Case No. 81-919-CF, but no credit is given for Case No. 81-1087-CF.
3. That the Department of Corrections, in establishing Defendant's release date from incarceration, is using the second-described set of Judgment and Sentence papers, which has the effect of denying Defendant credit for such jail time as he has spent in conjunction with Case No. 81-1087-CF, and is in violation of the intent of the Court in this cause.
4. That the action by the Department of Correction in using the second-described set of Judgment and Sentence papers serves to wreak great hardship on the Defendant, and prevents him from consideration for such available programs as work release for an additional 407 days, in violation of the intent of this Court in sentencing the Defendant.
5. That the Defendant has served 407 days in connection with Case No. 81-1087-CF, the large part in regard to a one year period of incarceration as a condition of Defendant's probation on this charge, the violation of which is the cause of Defendant's present incarceration.
WHEREFORE, Defendant prays this Honorable Court to issue an Order directing the Florida Department of Corrections to accept as valid the Judgment and Sentence papers filed in this Court on April 28, 1983, imposing a single five year sentence in the above-styled cause, with credit for prior time incarcerated in the amount of 407 days.
 Respectfully submitted,
 /s/ Buford A. Green 
 BUFORD A. GREEN
 Defendant, pro se.

[3] It is reported that Abraham Lincoln liked to ask, "if you called a dog's tail a leg, how many legs would a dog have?" When the answer was "five," Lincoln would reply: "No; a dog has four legs  calling a dog's tail a leg does not make it a leg!" In referring to the fact that the law always looks to the truth and the substance of a thing and not its name or form the Florida Supreme Court in Underwood v. Underwood, 64 So.2d 281, 288 (Fla. 1953), stated, "it is not what it is called but what it is that fixes its legal status. It is the substance and not the form which is controlling." There is a moral in Lincoln's little joke and legal principle in the quote from Underwood. Also see Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982).
[4] Unauthorized motions do not delay rendition of orders. See Crippen v. Sunland Center, 372 So.2d 63 (Fla. 1979); Joseph v. State, 437 So.2d 245 (Fla. 5th DCA 1983); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983); Manna Provisions Co. v. Blume, 417 So.2d 832 (Fla. 1st DCA 1982); City of Melbourne v. Floyd, 415 So.2d 758 (Fla. 5th DCA 1982); Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982); Guzman v. State, 364 So.2d 523 (Fla. 2d DCA 1978).