458 So.2d 1191 (1984)
Michael W. KINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-371.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant was originally convicted and sentenced to 60 years for attempted first degree murder (an enhanced sentence), 50 years for robbery with a weapon, and 10 years for grand theft (an enhanced sentence). The robbery sentence was to run consecutive to the attempted murder sentence, while the grand theft sentence was to be served concurrently with the attempted murder sentence.
On defendant's first appeal this court vacated the two enhanced sentences on the attempted murder and grand theft convictions because neither the judgment nor the sentence indicated that defendant was found to be an habitual felony offender *1192 (the purported basis for the enhanced sentences) and the procedural requisites of section 775.084, Florida Statutes (1981), were not followed. Accordingly, this court, 441 So.2d 1163, remanded for resentencing.
On remand, the trial court resentenced defendant as it did earlier, except that the 10-year grand theft sentence was to run consecutive to the 50-year robbery sentence instead of concurrently with the attempted murder sentence. The trial court also sentenced defendant as an habitual felony offender on all three charges. Defendant contends in this second appeal that the trial court erred in habitualizing him on all three charges and in sentencing him to consecutive time on the grand theft conviction. We must agree with those contentions and therefore again remand for resentencing.
On the prior remand the trial court had only the attempted murder and grand theft convictions before him for sentencing because this court vacated only those two sentences. We did not vacate the robbery sentence. Thus, the trial court did not have jurisdiction to sentence defendant as an habitual felony offender on the robbery conviction. See State v. Sutton, 371 So.2d 717 (Fla. 2d DCA 1979). Therefore, we vacate the portion of defendant's robbery sentence which finds him to be an habitual felony offender. The habitualization on the attempted murder and grand theft charges was proper because the procedural requisites of section 775.084 were followed.
The trial court also erred in sentencing defendant consecutively on the grand theft charge. When a defendant is convicted of several offenses and given concurrent sentences which are then vacated on appeal and remanded for resentencing, the trial court is without authority on remand to make the sentences consecutive without articulation of valid reasons for the change. See Holloway v. State, 360 So.2d 140 (Fla. 2d DCA 1978); Lyttle v. State, 352 So.2d 942 (Fla. 2d DCA), cert. denied, 357 So.2d 186 (Fla. 1977). We note that because the grand theft sentence should be served concurrently with the attempted murder sentence, defendant should have been credited on both sentences for time served. See Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Bevins v. State, 412 So.2d 456 (Fla. 2d DCA 1982). See also Jenkins v. Wainwright, 285 So.2d 5 (Fla. 1973). Contra Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984). In Green the Fifth District Court of Appeal took issue with Martin and distinguished Jenkins. However, we believe Martin is consistent with the following rationale of Jenkins:
We agree with the Petitioner's contention. To conclude the sentencing judge only intended to grant Petitioner credit time on the first concurrent sentence and not on the other would necessarily result in Petitioner serving the longer sentence on Count II and in not having the benefit of the credit time granted him by the trial court. To adopt the interpretation of the Respondent would be tantamount to granting the Petitioner credit time and then taking it away, in short a meaningless act, resulting in no credit time whatsoever. We are not persuaded by such an absence of logic.
285 So.2d 6.
Therefore, we vacate defendant's sentence for grand theft and remand for a corrected sentence so that this sentence will be served concurrently with the attempted murder sentence and defendant will be credited with time served.
Finally, in response to defendant's argument that the court improperly calculated retained-jurisdiction time, we find that the wording of the sentence states that the court retained jurisdiction over one-third of defendant's sentence for attempted murder and robbery, i.e., over one-third of 110 years (60 plus 50). Thus, the retention was proper.
In all other respects we affirm defendant's convictions and sentences.
Accordingly, we affirm in part and vacate and remand in part.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.