459 So.2d 460 (1984)
Dennis E. SHEPARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1598.
District Court of Appeal of Florida, Third District.
November 27, 1984.
*461 Dennis E. Shepard, in pro. per.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Shepard raises several points on appeal from the denial of his Florida Rule of Criminal Procedure 3.850 motion. We find that only one of these points merits discussion.
Shepard spent 110 days in the county jail prior to being sentenced on two counts of sexual battery. The trial court awarded Shepard 55 days credit on each sentence. The sentences were set to run concurrently. It is Shepard's contention that the trial court erred in not crediting the full amount of time served to each sentence. Shepard's contention finds support in recent decisions of the First and Second District Courts of Appeal. Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Nedd v. Wainwright, 449 So.2d 982 (Fla. 1st DCA 1984); Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984). In each of those decisions our sister courts held that it was error for the trial court to award jail time credit on only one of two or more concurrent sentences and that full jail time should be credited to each of the sentences.
The state relies on recent decisions of the Fifth District Court of Appeal which have rejected the holding in the above-mentioned decisions. Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984); Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), aff'd on other grounds, 456 So.2d 448 (Fla. 1984). In Amlotte the court stated:
We cannot agree with the appellant that concurrent sentences for identical terms of years compel presentence [sic] jail time credit on each sentence. Nothing in section 921.161, Florida Statutes (1981), requires, or even suggests, this construction.[1] We held in Fenn v. State, 418 So.2d 286 (Fla. 5th DCA 1982), that where there are two sentences for two crimes, the credit for pre-sentence jail time need not be allocated to both of those sentences. We made no attempt in Fenn to distinguish between consecutive and concurrent sentences.
The appellant's reliance on the Florida Supreme Court case of Jenkins v. Wainwright, 285 So.2d 5 (Fla. 1973), is misplaced. The sentence in that case, which was imposed at a time where the granting of credit for time served was discretionary with the trial judge, was ambiguous, and the Supreme Court's opinion merely dealt with the reasonable interpretation of the intent of the sentencing judge.
435 So.2d at 252 (footnote added).
We agree with the reasoning of the Fifth District Court of Appeal and hold that pre-sentence jail time can be allocated *462 to two or more concurrent sentences in any manner as the trial court sees fit as long as the full jail time is credited.[2] Accordingly, the trial court's order denying Shepard's Florida Rule of Criminal Procedure 3.850 motion is affirmed. We note conflict with the First and Second District Courts of Appeal.
Affirmed.
NOTES
[1] Section 921.161, Florida Statutes (1983) states, in pertinent part:

(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
[2] The trial court may properly credit the full jail time to one of the concurrent sentences, to all of the concurrent sentences, or may allocate the jail time among the sentences as was done in the instant case.