463 So.2d 521 (1985)
James L. HOPKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2252.
District Court of Appeal of Florida, Third District.
February 12, 1985.
*522 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The record before us, although replete with evidence which would support the conclusion that the extended terms of imprisonment meted out to the defendant under the habitual offender law were indeed "necessary for the protection of the public from further criminal activity by the defendant," § 775.084(4)(a), Fla. Stat. (1981), nevertheless contains no such conclusion or essential findings of fact in support of such a conclusion and as such is deficient. See Adams v. State, 376 So.2d 47, 58-59 (Fla. 1st DCA 1979). Therefore, the sentence is reversed with directions that the trial court either forego sentencing under the habitual offender statute or reimpose such a sentence after making a finding on the record that the extended term of imprisonment is necessary for the protection of the public.
On the authority of Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984), we reject the defendant's further contention that he is entitled to full credit for time served on each of the concurrent sentences imposed.
Reversed and remanded for resentencing.