ON MOTION FOR REHEARING
PER CURIAM.
We deny the appellant’s motion for rehearing, but we write to acknowledge a conflict between the district courts on the question of crediting time served on concurrent sentences pursuant to section 921.-161, Florida Statutes (1983). The First, Second and Fourth District Courts of Appeal require that credit for jail time served must be applied in full to each concurrent sentence. Vasquez v. State, 10 F.L.W. 2363 (Fla. 1st DCA Oct. 17, 1985); Mott v. State, 458 So.2d 1206 (Fla. 1st DCA 1984); Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984); and Daniels v. State, 10 F.L.W. 1443 (Fla. 4th DCA June 12, 1985). However, the Third and Fifth District Courts of Appeal have no such requirement. Hopkins v. State, 463 So.2d 521 (Fla. 3rd DCA 1985); Shepard v. State, 459 So.2d 460 (Fla. 3rd DCA 1984); Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984); and Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), approved, 456 So.2d 448 (Fla.1984). We therefore certify to the Florida Supreme Court the following question of great public importance:
IN CREDITING JAIL TIME SERVED ON CONCURRENT SENTENCES, MUST TIME SERVED BE APPLIED IN FULL TO EACH CONCURRENT SENTENCE?
MOTION FOR REHEARING DENIED.
ORFINGER, SHARP and COWART, JJ., concur.