478 So.2d 76 (1985)
Victor VASQUEZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. BC-476, BC-477 and BC-478.
District Court of Appeal of Florida, First District.
October 17, 1985.
Rehearing Denied December 2, 1985.
*77 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Vasquez appeals three of four concurrent sentences and argues that the credit for time served applied against only one of the four sentences should also have been credited against the remaining three concurrent sentences. We agree, and reverse and remand for resentencing.
Vasquez was charged by four separate informations with sale or delivery of a controlled substance. He entered a plea of no contest to all four charges and was adjudicated guilty and sentenced to 30 months on each. The sentences were to run concurrently. It was agreed that Vasquez was entitled to 147 days credit for time served pursuant to § 921.161, Fla. Stat. The judge gave Vasquez jail time credit for the full 147 days on only one of his four concurrent sentences, and this appeal of the three other sentences followed.
Both the Third and Fifth District Courts of Appeal have adopted the position that credit for time served may be allocated in any manner the trial court desires so long as credit for the full amount of time is given. Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984); Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984). On the other hand, this court and the Second and Fourth District Courts of Appeal agree that a defendant's jail time credit should be applied in full to each of his concurrent sentences. See Nedd v. Wainwright, 449 So.2d 982 (Fla. 1st DCA 1984); Prentice v. State, 469 So.2d 798 (Fla. 2d DCA 1985); and Daniels v. State, 477 So.2d 1 (Fla. 4th DCA 1985). Accordingly, the case is REVERSED and REMANDED for resentencing in accordance with this opinion.
SMITH, J., concurs.
MILLS, J., specially concurs.
MILLS, Judge, specially concurring:
Although I agree with the decisions rendered in Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984), and Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984), I am compelled to follow the decision rendered by this Court in Nedd v. Wainwright, 449 So.2d 982 (Fla. 1st DCA 1984), and therefore concur in the majority opinion.
It is my opinion that the legislature should address the issue raised by this appeal and amend Chapter 921 to provide the method credit for time served shall be applied when concurrent sentences are handed down. This would assure uniformity throughout the State.