PER CURIAM.
This is a sentencing guidelines-departure appeal brought by the defendant James Leroy Hopkins. Following our reversal of a previously imposed habitual offender sentence in this case, Hopkins v. State, 463 So.2d 521 (Fla. 3d DCA 1985), the defendant was resentenced to concurrent five-years and ten-years imprisonment respectively for the crimes of trespass with a deadly weapon and aggravated assault. The presumptive sentencing guidelines range in this case was four-and-a-half to five-and-a-half years imprisonment.
We again reverse the sentence imposed on the defendant because, by the state’s own admission, one out of the three reasons given by the trial court for departing from the sentencing guidelines was entirely invalid — namely, that the defendant “has previously been convicted and sentenced to prison for a crime which is factually similar to the present case.” This prior offense had already been factored into the presumptive guidelines sentence and thus could not be considered again for the pur *438 poses of departure. Williams v. State, 492 So.2d 1308, 1309 (Fla.1986); State v. Mischler, 488 So.2d 523, 525 (Fla.1986); Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985). Moreover, we cannot say beyond a reasonable doubt that this invalid reason did not affect the trial court’s decision to depart from the sentencing guidelines— which, of course, means that the sentences under review must be reversed and the cause remanded for resentencing. State v. Young, 476 So.2d 161 (Fla.1985); Albritton v. State, 476 So.2d 158, 160 (Fla.1985).
We have not overlooked the defendant’s attack on the other two reasons given by the trial court for departing from the sentencing guidelines, but find no merit in the arguments presented. We will not burden this opinion with any discussion as to why this is so, as the argument, in our view, is precluded by the following authorities. State v. Pentaude, 500 So.2d 526 (Fla.1987); Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985).
The sentences under review are, therefore, reversed and the cause is remanded to the trial court with directions to resentence the defendant.
Reversed and remanded.