PER CURIAM.
Michael Wilson appeals from the sentence which the trial court imposed after he violated his probation and argues that the trial court erred in failing to give him equal credit for 31 days’ time served on both of his convictions for robbery and possession of cannabis because they were concurrent sentences. Wilson relies on Jenkins v. Wainwright, 285 So.2d 5 (Fla.1973), which holds that equal credit must be given for concurrent sen *1224 tences because a failure to grant equal credit results in the denial of any credit whatsoever.
We reject Wilson’s argument because the facts of his case are different from those of Jenkins. Wilson was arrested at two different times for two different charges and served different time periods on each charge prior to resentencing. The First, Second and Fifth Districts have affirmed sentences under similar circumstances. See e.g., Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991); Prince v. State, 598 So.2d 215 (Fla. 5th DCA 1992); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). Accordingly we affirm Wilson’s sentence.
DELL, C.J., and KLEIN and SHAHOOD, JJ., concur.