PER CURIAM.
The state appeals the trial court’s resen-tencing of appellee for the crime of attempted first degree murder. We reverse.
In 1982 appellee was convicted of attempted first degree murder, robbery, and grand theft. The trial court sentenced him to sixty years in prison for the attempted murder, fifty years in prison for the robbery, and ten years in prison for the grand theft. The robbery sentence was ordered to run consecutively and the grand theft sentence concurrently to the attempted murder sentence. Appellee appealed the convictions and the sentences. This court in Kinney v. State, 441 So.2d 1163 (Fla. 2d DCA 1983), affirmed all three convictions and the robbery sen *1094 tence. We vacated the enhanced sentences for attempted murder and grand theft because neither the written judgment nor the sentence indicated that appellee was found to be a habitual offender and because the procedural requisites of section 775.084, Florida Statutes (1981), were not followed.
Upon remand the trial court resentenced appellee as a habitual felony offender on all three convictions. The court also ordered the ten year grand theft sentence to run consecutively to the fifty year robbery sentence instead of concurrently with the sixty year attempted murder sentence.
Appellee then filed a second appeal contending that the trial court erred in habit-ualizing him on all three charges and in ordering the grand theft sentence to run consecutively to the robbery sentence. We agreed with appellee and in Kinney v. State, 458 So.2d 1191 (Fla. 2d DCA 1984), vacated that portion of the robbery sentence which found appellee to be a habitual offender. We found that the habitualization on the attempted murder and grand theft convictions was proper and those sentences were affirmed. Kinney, 458 So.2d at 1192. The grand theft sentence was vacated and remanded with directions that it be ordered to run concurrently with the attempted murder sentence.
The case was remanded to the trial court for the second resentencing of appellee which occurred in January of 1984. The trial court imposed a sixty year habitual offender sentence for the attempted murder conviction, a fifty year sentence for the robbery conviction, and a ten year habitual offender sentence for the grand theft conviction. No appeal was taken from those sentences.
In April 1993 appellee filed a motion to correct illegal sentence. Appellee alleged that the habitual offender sentence of sixty years for the attempted murder conviction was an illegal sentence because the crime was a life felony not subject to habitualization. The trial court agreed with appellee and entered an order vacating the attempted murder sentence. The trial court then imposed a nonhabitual sentence of fifty years in prison. The state filed a timely notice of appeal.
Since the attempted murder conviction was properly classified as a first degree felony, State v. Tripp, 642 So.2d 728 (Fla.1994), the sixty year prison sentence under the habitual offender statute was a legal sentence properly imposed upon the appellee by the trial court after this court’s first mandate. Because the sixty year habitual offender sentence for the attempted murder was a legal sentence, the appellee’s motion to correct illegal sentence was without merit and the trial court erred in granting the motion and vacating the sentence. Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989).
This matter is reversed and remanded with directions to reinstate the habitual offender sentence of sixty years imprisonment for the attempted murder conviction.
THREADGILL, C.J., and SCHOONOVER and QUINCE, JJ., concur.