PER CURIAM.
Betty Jean Jenkins appeals an order summarily denying her motion to accredit jail time. We reverse.
The trial court’s order of denial explained that Jenkins was entitled to 106 days of credit based on the amount of days she has served from the time of her arrest on January 6, 2003 until her sentencing on April 21, 2003. It ordered that the credit be applied to both her charges which included one count of possession of cocaine and one count of use or possession of drug paraphernalia. It maintained that the sentencing documents refuted Jenkins’s claim that she was entitled to credit for additional days as time served, and that she was sentenced on count I to five years, with 106 days credit for time served, and to 106 days incarceration on count II, with 106 days credit for time served. However, while the sentencing documents attached to the order reflected that in count I Jenkins was sentenced to five years, there was no indication of an award of credit for time served.
In response to this court’s order to show cause, the state maintains there was no error; the 106 days of credit applied not per count, but to Jenkins’s entire concurrent sentence. If so, this should be clearly reflected by the sentencing documents. See Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (“[W]hen, pursuant to section 921.161(1), a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.”); Vasquez v. State, 478 So.2d 76, 77 (Fla. 1st DCA 1985).
Reversed and remanded for further proceedings.
FARMER, C.J., WARNER and STEVENSON, JJ., concur.