379 So.2d 96 (1979)
STATE of Florida, Petitioner,
v.
Lawrence Carl WRIGHT, Respondent.
No. 51853.
Supreme Court of Florida.
November 21, 1979.
Rehearing Denied February 14, 1980.
Jim Smith, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for petitioner.
William F. Casler, St. Petersburg, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review a decision of the district court of appeal, Wright v. State, 344 So.2d 1334 (Fla.2d DCA 1977), which allegedly conflicts with a decision of this Court, Mikenas v. State, 367 So.2d 606 (Fla. 1978) on the same point of law. Art. V, § 3(b)(3).
The question involved is whether a surviving co-perpetrator of a robbery is guilty of felony murder in the second degree when a policeman shoots and kills another co-perpetrator during the perpetration of the robbery. We answer in the affirmative.
The defendant, a person named McRae, and a person named Robertson were involved in the robbery of a store. Defendant and McRae committed the robbery while Robertson waited in the automobile. As they were attempting to leave after the robbery, the police intercepted the trio and a gun battle resulted. The defendant and Robertson were apprehended, but Robertson was fatally wounded by a bullet originating from the gun of one of the policemen.
Pursuant to plea negotiations defendant entered a plea of guilty to the robbery count and nolo contendere to the murder charge. Upon appeal the judgment of guilt for second degree murder was reversed and the judgment and sentence for robbery were affirmed. The district court of appeal held that section 782.04(3), Florida Statutes, defining those who shall be liable for second degree felony murder, does not contemplate a prosecution for that offense where an accomplice, co-conspirator or co-perpetrator of the underlying felony is subsequently killed by a police officer during the commission of the underlying felony.
In Mikenas v. State, supra, which was decided by this Court subsequent to the decision of the district court of appeal, this Court held to the contrary. In Mikenas the evidence disclosed that Barker, an auxiliary deputy sheriff, shot and killed Vito. Vito was a co-perpetrator. The defendant, in his appeal from a conviction of murder in the first degree, argued that only "innocent" persons killed during the perpetration of a felony were intended by the legislature to be included in the phrase "a person is killed" contained in section 782.04(3) Florida Statutes (1975). We held there was nothing in the clear language of the statute which limited application to innocent persons killed by one perpetrating or attempting to perpetrate a felony.
*97 That portion of the decision of the district court of appeal which reverses the judgment of guilt for second degree murder is quashed and the cause is remanded with instructions to affirm the judgment and sentence for second degree murder and reconsider the judgment and sentence for robbery. See State v. Pinder, 375 So.2d 836 (1979).
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.