435 So.2d 249 (1983)
Anita Marie AMLOTTE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-917.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
Rehearing Denied August 4, 1983.
*250 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from convictions for armed burglary, shooting at or into an occupied building and attempted felony murder. Because this case presents a ruling which could have resulted in a conflict with another case pending before a different panel of judges of this court, we have decided this case en banc.
The first question for us to decide is whether "attempted felony murder" is a crime.
The facts of this case are that appellant went to a mobile home and asked for permission to use the occupant's telephone. As she left the home she jumped out of the doorway and two armed men wearing white sheets entered. At this point the woman occupant of the home told her husband, who was hiding behind another door because they were suspicious, "Shoot them, Al." Al shot. The gunmen returned the fire and retreated, along with appellant.
These events caused appellant to be charged with armed burglary because as a "principal in the first degree," Section 777.011, Florida Statutes (1981), she aided those armed men to commit the burglary. The burglary was complete when they entered the home with the intent to commit an offense while therein. She was also charged with shooting at or into an occupied building and was properly convicted of that crime, just as she was properly convicted of the armed burglary, because under section 777.011, Florida Statutes, she was a principal in the first degree by aiding the burglars in their deeds.
Her conviction for "attempted felony murder" was based upon an information which charged that she did "unlawfully attempt to kill a human being ... by shooting in the direction of him, and said attempted killing was committed by (her) or a person acting in concert with her, while engaged in the perpetration, or in the attempt to perpetrate a burglary ..."
There is no crime of "felony murder" but there is a crime of murder in the first degree[1] which includes what we lawyers commonly call "felony murder," that is, the killing of a human being while the killer is engaged in the commission, or the attempt to commit certain listed felonies. If there is an unlawful killing during the commission of a felony listed in the first degree murder statute but the felony perpetrator is not the killer then a second degree murder statute may apply.[2] There is also a *251 third degree murder (felony murder) which is the killing of a human being while the killer is committing or attempting to commit any felony not listed in the "murder one" statute.[3] The fact that the information says "attempted felony murder" rather than attempted murder in the first degree is not important since the substantive charge is sufficient, in its entirety, to charge attempted first degree murder.
But how can one be guilty of attempted first degree murder, of the felony murder type, if no one, especially not this appellant, specifically intended to kill?[4] Appellant says "[f]elony murder is, by its nature, a crime of inadvertence, and one cannot specifically intend to attempt a negligent act." In her assertion she cites no authority for her conclusion that the crime is one of inadvertence or negligence. The statute does not state that this is the nature of the crime and we suggest the legislature did not intend such a meaning. The evil to be punished under the felony murder statutes is that of killing a person while committing a felony where the proof of premeditated design is lacking. That is, if the robber, or burglar or rapist, etc., intends only to rob or burglarize or rape and another person gets killed by the robber's or burglar's or rapist's acts then the state need not prove either the specific intent to, or the premeditated design to kill. The statute calls for punishment even though intent to murder cannot be proved.
By extension, attempted first degree murder done in the felony murder mode is a crime. Section 777.04(1)[5] says whoever attempts to commit a crime and fails is also guilty of a crime. Here the facts fit well into the mold  the gunman while committing a burglary shot at the victims. If the bullet had hit the right spot and the victim had died then first degree murder would be the crime. Since the bullet failed to hit the right spot and the victim did not die, the burglar can be charged only with the attempt.
Our Supreme Court answered the question in this case in Fleming v. State, 374 So.2d 954, 956 (Fla. 1979), when it said, "[T]he offense of attempted first degree murder requires a premeditated design to effect death. In cases where the alleged `attempt' occurs during the commission of a felony, however, the law presumes the existence of premeditation, just as it does under the felony murder rule." (citations omitted). However it is reasoned, there is a crime of attempted first degree murder, or attempted "felony murder," and this appellant was guilty under section 777.011 because she aided in the commission of it. See also Taylor v. State, 401 So.2d 812 (Fla. 5th DCA 1981) and Hampton v. State, 336 So.2d 378 (Fla. 1st DCA 1976).
The second question on appeal is whether the court erred in sentencing appellant to prison for both the attempted murder and the burglary convictions. The answer is yes. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). c.f. Missouri v. Hunter, ___ U.S. ___, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
*252 The third question involves appellant's assertions regarding her entitlement to credit for time served in jail while awaiting trial. She contends she should get credit on each sentence rather than one sentence only.
We cannot agree with the appellant that concurrent sentences for identical terms of years compel presentence jail time credit on each sentence. Nothing in section 921.161, Florida Statutes (1981), requires, or even suggests, this construction. We held in Fenn v. State, 418 So.2d 286 (Fla. 5th DCA 1982), that where there are two sentences for two crimes, the credit for pre-sentence jail time need not be allocated to both of those sentences. We made no attempt in Fenn to distinguish between consecutive and concurrent sentences.
The appellant's reliance on the Florida Supreme Court case of Jenkins v. Wainwright, 285 So.2d 5 (Fla. 1973), is misplaced. The sentence in that case, which was imposed at a time when the granting of credit for time served was discretionary with the trial judge, was ambiguous, and the Supreme Court's opinion merely dealt with the reasonable interpretation of the intent of the sentencing judge. In the instant case, the intent is unambiguous: Amlotte was sentenced to serve seven-and-one-half years for armed burglary on Count I, with credit for time served; she was sentenced to serve seven-and-one-half years for shooting into an occupied building on Count II, to run concurrently with Count I; and she was sentenced to serve seven-and-one-half years for attempted murder on Count III, to run concurrently with the sentences for Counts I and II. She expressly was not accorded any credit for jail time in respect to Counts II and III.
Since we are vacating the sentence for armed burglary, wherein the credit was applied, the jail time credit shall be applied to one, but not both, of the remaining sentences in accordance with the clear expression of the intent of the trial judge. This correction, together with that concerning the second issue, should be made by the trial judge on remand. Such sentence corrections do not require the presence of the defendant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, C.J. and FRANK D. UPCHURCH, Jr., J., concur.
COBB, J., concurs specially with opinion.
SHARP, J., concurs specially with opinion.
COWART, J., dissents with opinion.
COBB, Judge, concurring.
I concur with the majority's conclusion that the crime of attempted first degree murder based upon the felony murder rule, as opposed to actual premeditation, exists in Florida because of the holding of our Supreme Court in Fleming v. State, 374 So.2d 954 (Fla. 1979). In that case Fleming and a companion were engaged in an armed robbery of a public building in Fort Myers, Florida, when interrupted by the police. A gun battle ensued, resulting in two deaths and several injuries. At one point in the melee, Fleming struggled with one Lt. Spurlin, of the Fort Myers Police Department, for control of a pistol, which discharged, wounding Spurlin. Fleming was charged, inter alia, with attempted first degree murder of Spurlin. Fleming pled guilty to this charge, then appealed, contending there was no factual basis to support the plea since Spurlin was shot accidentally.
The Florida Supreme Court disagreed, holding:
[T]he offense of attempted first degree murder requires a premeditated design to effect death. In cases where the alleged "attempt" occurs during the commission of a felony, however, the law presumes the existence of premeditation, just as it does under the felony murder rule. Adams v. State, 341 So.2d 765 (Fla. 1976); Knight v. State, 338 So.2d 201 (Fla. 1976).[1] Because the appellant was engaged in the commission of a felony when Lt. Spurlin was shot, the accidental nature of the shooting is irrelevant. We find no error.

*253 [1] Any homicide committed during the perpetration or attempted perpetration of a felony constitutes first degree murder. State of mind is immaterial for the felony is said to supply the intent.
This language, whatever its arguable logic, leaves no room for artificial construction as to its meaning. It is an unequivocal recognition by the Florida Supreme Court of the existence of attempted "felony murder," just as the majority opinion says it is.
I also concur with the majority in regard to the second and third points on appeal.
SHARP, Judge, concurring specially.
I concur in this case with reluctance because I feel Fleming v. State, 374 So.2d 954 (Fla. 1979), is controlling. I agree with Judge Cowart that any attempt crime should require proof of some kind of specific intent to do the crime charged. This element is proved in attempted murder cases by establishing a specific or conscious intent to kill a human being, or by proving the defendant did a reckless act evincing disregard for persons exposed to its dangerous effects.[1] Here there was no proof Amlotte or her co-burglars had any intent or plan to kill their victims, or shoot at them, or that she knew they were armed. Based on the majority opinion, had the shooting been done by the victims alone, or by a policeman firing during the attempted robbery, Amlotte could also be convicted of attempted second degree felony murder.[2] This is because the majority reads Fleming v. State, 374 So.2d 954 (Fla. 1979), as holding that in no case is proof of intent to kill (specific or constructive) necessary in an attempted felony murder charge, because intent is not and never has been an element of felony murder.[3]
Were it not for Fleming, because the element of intent was completely absent here, I would reverse Amlotte's conviction for attempted felony murder. See Hampton v. State, 336 So.2d 378 (Fla. 1st DCA 1976).
COWART, Judge, dissenting:
The majority refers to the fact that the offense of felony murder does not require a specific intent to kill. This is correct but not the point. The offense of an attempt does require a specific intent and the offense we are considering is that of attempt not that of murder. The whole underlying problem is that the five varieties of murder described in Florida's murder statute[1] do not fall clearly and precisely into the two natural categories contemplated by a large number of legal concepts, including the concept of the offense of an attempt. Those two categories are intended and unintended acts or results. Premeditated first degree murder, of course, requires an intended death but in requiring a "fully-formed conscious purpose to take human life, formed upon reflection and present in the mind at the time of the killing" premeditation requires something more than a simple specific intent to kill. On the other hand none of the other four varieties of murder require a *254 specific intent to kill although in the commission of many of those four varieties of murder the perpetrator does, in fact, often intend to kill. Therefore, while all who violate our murder statute either have, or do not have, a specific intent to kill, the statute does not require a specific intent and makes no meaningful distinction between degrees of murder based on that distinction. Those who envision a crime of attempted felony murder reason that since a death that results from a culprit doing a dangerous act during the commission of a felony is felony murder, it must follow that, if during the commission of a felony the culprit does any dangerous overt act that could have, but did not, cause a death, he is guilty of an attempted felony murder. If this is the best conceptual basis for arguing that there is, or should be, a crime of attempted felony murder then I cannot agree there is such a crime because this rationalization completely ignores the fact that the offense of "attempt" requires a specific intent to commit the crime attempted. If the crime "attempted" can be accomplished without an intended act or result then you would have a crime requiring one to intend to do an unintended act which is a logical absurdity and certainly an inadequate conceptual basis for something that needs to be as clear and understandable as do the elements of a felony crime.
Every attempt has two essential elements: (1) a specific intent to commit a particular crime, and (2) an "overt act," which (a) must be reasonably calculated or intended to accomplish the commission of the crime intended (b) must go beyond mere preparation but (c) must fall short of accomplishing the crime intended.
In criminal law a general intent means only a state of mind which consents to a criminal act; this is merely a free will, choice, or volition in the doing of an act. In addition to such mental element of general intent, which must exist in all crimes, some crimes require a further mental element known as a specific intent. As distinguished from general intent, specific intent is intent in the popular, common sense of a definite and actual purpose to accomplish some particular thing. Burglary, like the offense of attempt, is a crime that requires the specific intent to commit some other crime. Section 784.021(1)(a) of the Florida statutes is careful to define an assault with a deadly weapon (an aggravated assault) as being "without intent to kill" because an assault with intent to kill results from a more wicked and evil state of mind, technically known in common law as "malice aforethought" and is more properly charged as an assault with intent to kill or an attempted murder.
Every crime of attempt requires a specific intent, that is, an intent to commit some particular crime.[2] Since the "act" element in the crime of an "attempt" is any overt act reasonably calculated to accomplish a crime, if the crime of attempt required only a general intent (to do the overt act) rather than the specific intent to commit some particular crime then every overt act would be a crime. It is because the "act" element is so vague in the crime of attempt that the mental element must be specific otherwise the crime of attempt and the statute defining it would be unconstitutionally void for vagueness and overbreadth. For this reason specific intent is an absolutely essential element of every attempt. Even if a specific intent is not an essential element of the particular crime, an attempt to commit that crime requires a specific intent. Dicta or not, Judge Schwartz is absolutely correct when, in note 3 to Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981), he states, "All attempts are necessarily specific intent crimes, whether the relevant completed crime is or not." It is in this particular that, in my opinion, whatever rationale supports the majority decision in this case is in direct conflict with the rationale in Gentry v. State, 422 So.2d 1072 (Fla. 2d DCA 1982). To commit the offense of attempt to murder, the specific intent to take life must be *255 present.[3] Although it would be murder if one unintentionally kills another while committing a felony, yet if the felon merely wounds another, having no specific intent to murder, he cannot be convicted of an attempt to murder.[4]
Attempts to commit crime are punishable for the same reason that consummated crimes are, namely, in the interest of public protection, to deter intentional harmful acts. This purpose is served by the penalty attached to (1) either the accomplishment or the attempt to commit the underlying felony, (2) the felony murder offense when death occurs, and (3) the offense of an attempted murder where there is an intent to kill or to inflict great bodily harm or a wanton and willful disregard of the likelihood that the natural tendency of the behavior is to cause, or to risk causing, death.
If one intends to kill and does kill another under circumstances not justifiable or excusable in law, it is common law murder but not common law felony murder. Properly speaking (meaning, at common law), felony murder is where one unintentionally or accidentally kills another while engaged in the commission of some other felony and, in this instance, the law creates a fiction, from the state of mind that consents to the commission of the underlying felony, and implies malice aforethought when a death is caused by an act resulting from such wrongful, felonious intent. A death is essential to the application of this ancient legal fiction. I realize that, in Florida, case law has extended the concept of common law felony murder to situations where the death is actually caused not by a defendant who did intend to commit the underlying felony but also to instances where neither the defendant nor some other person who actually caused the death, intended death to result. The death in such extended examples of felony murder can be said to have been caused by the defendant's act only in a most indirect way and it is not even arguable that the defendant's intent to commit the underlying act is in any way causally related to the death in question or that the death was, beyond a reasonable doubt, a foreseeable result of the attempt to commit the underlying felony.[5] A legal fiction, such as that used to theorize a basis for felony murder, can be stretched only so far and this is why the fiction breaks when an effort is made to stretch it further to include the specific intent essential to the crime of attempt. The reasoning of transferred intent upon which the crime of felony murder is based to rationalize the absence of specific intent as to the killing, comes full circle and is rationally inconsistent with the crime of attempt which necessitates a specific intent to commit another crime. A specific intention to kill is the antithesis of felony murder, yet the absence of such a specific intent is fatal to the crime of attempt. Therefore, since an attempted murder requires a specific intent to kill, it is logically impossible to intend to commit an unintentional crime when the very intention to commit it is contrary to its definition and destroys its purpose and existence.
As argument that there is a crime of attempted felony murder it has been pointed out that the Supreme Court Committee on Standard Jury Instructions in Criminal Cases and the Florida Bar Criminal Rules Committee list of category four lesser included offenses published in the Florida Bar News, May 15, 1981, Vol. 8, No. 9, page 7,[6] sets out "attempt" as a category four lesser included offense of both first degree (felony) murder, second degree (felony) murder, third degree (felony) murder and manslaughter. The committee's comment contains *256 the statement that, "There can be no attempted negligence because that is deemed to be logically impossible." Some of the homicides, shown by the schedule as having a lesser offense of attempt, require only culpable negligence or other unintended acts yet the committee does not explain how they differ from intentional negligence and become logically possible.[7] Although approved by the Florida Supreme Court for procedural use as suggested verdict alternatives at trial this schedule is no authority on questions of substantive law.
In Fleming v. State, 374 So.2d 954 (Fla. 1979), Fleming did not attack the charging document as failing to allege a crime nor did he go to trial and appeal from the refusal of the trial court to charge the jury that an essential element of the offense of attempted first degree murder is an intent to kill. Nor did he otherwise properly present the legal question presented in this case. Fleming pled guilty to attempted first degree murder then argued on appeal that there was no factual basis for that plea because there was no evidence of premeditation because the victim was shot accidentally. The supreme court upheld the plea saying "the offense of attempted first degree murder requires a premeditated design to effect death," which is entirely consistent with this dissent. In considering not the concept of an attempted murder without an intent to kill but whether there was a factual basis for Fleming's guilty plea, the court remarked that when an attempt occurs during the commission of a felony the law presumes the existence of premeditation and the accidental nature of the shooting is irrelevant.[8] There was no discussion of specific intent as an essential element of every attempt. This is a much better view of the holding in Fleming than that of the majority opinion which sees it as a binding precedent for the proposition that there is a crime of attempted felony murder which requires no intent to kill.
Of course we are absolutely bound to follow decisions of the Florida Supreme Court but that aspect of the doctrine of precedent does not define a judicial precedent as contemplated by the doctrine of stare decisis. Stare decisis means to stand by, or to adhere to the rationes decidendi of past cases that settled the law. A rule of law merely inferentially implied from a single decision on a particular state of facts without the usual and authoritative judicial technique of a considered line of legal reasoning has little or no ratio decidendi and does not constitute a principle of law so general, so universal, so capable of dealing with similar questions that it is an authoritative starting point for legal reasoning in all analogous cases. The precedential value of a case is always, and only, coextensive with its ratio decidendi; that is, with what was actually considered and decided. The substantial point of law involved in this case was not presented or considered or decided in Fleming. I am acquainted with Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), which criticizes a district court of appeal for overruling precedent from the supreme court and with the implications of other recent cases, but I do not read those cases as intended to intimidate intermediate appellate court judges into treating every supreme court case as "a controlling precedent" on all aspects of every subject matter or to suggest that lower court judges must *257 abandon legal reasoning, logic and common sense in favor of always finding and citing some supreme court case as authority for every decision out of fear of being criticized or called wrong. When demanded by their own conscientious judgment all judges are entitled to honestly and fearlessly distinguish what others may consider to be binding precedent.
For the above reasons the felony murder concept should not be extended to be or become the basis for theorizing a crime known as attempted felony murder especially when the felony murder doctrine itself is under such well-reasoned attack. There does exist, and there is a rational basis for, an offense of attempted murder where there are allegations and proof of premeditation or of a simple specific intent to kill but such an offense has nothing to do with existing applications of the felony murder rationale. One difficulty with an offense of attempted murder based on an intent to kill is that while this would be sufficient to allege a "malice aforethought" and would, therefore, constitute a crime at common law and, pursuant to sections 2.01 and 775.01, Florida Statutes (1981), a crime in Florida today (if there is considered to be no existing provision by statute on the subject), nevertheless the 1971 reclassification of criminal penalties[9] and the statute on attempts[10] relate only to statutory offenses and the punishment for common-law offenses under section 775.02, is only on the level of a first degree misdemeanor under § 775.082(4)(a). Even a common-law cheat is a felony of the third degree under section 817.29. However the inadequacy of the penalty is a problem for the legislature which could best solve this problem by the enactment of a statute providing that whoever, with intent to kill, assaults, or does any other overt act in an attempt to kill another person, but fails in the execution of that intent, commits the offense of attempted murder a felony of the first degree punishable as provided in § 775.082, § 775.083, or § 775.084. This offense could often be charged as an alternative count with a count charging an aggravated assault with a deadly weapon without intent to kill[11] and the jury be permitted to return one verdict.[12]
Under the "intent to kill" theory of attempted murder and the facts of this case the State could convict Amlotte of an attempted murder only upon a pleading and proof that she aided and abetted her cohorts knowing they intended to kill someone. This was neither alleged nor proved.
The majority opinion also holds that it was error for the trial court to sentence on both the attempted [felony] murder and the burglary convictions citing State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). Hegstrom, construing section 775.021(4), said, "Because the crime of first degree murder committed during the course of a robbery requires, by definition, proof of the predicate robbery, the latter is necessarily an offense included within the former." First degree felony murder does not require proof of a completed robbery because section 782.04(1)(a) requires the killing to have been "committed by a person engaged in the perpetration of, or in the attempt to perpetrate" the underlying felony of robbery, etc. Further, although when completed the underlying felony is often also charged in the same information or indictment charging a felony murder the underlying felony is never given to the jury as a verdict alternative to the murder charge as a necessarily lesser included offense. Since Hegstrom the supreme court in Borges v. State, 415 So.2d 1265 (Fla. 1982) and in subsequent cases,[13] has made it clear that the phrase "excluding lesser included offenses" in section 775.021(4) means only lesser included offenses as determined by the test in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. *258 180, 76 L.Ed. 306 (1932).[14] As argued above, any crime of attempted murder necessarily requires a mental element of a specific intent to kill and an element requiring some ineffectual overt act reasonably calculated to accomplish a killing, which elements of an attempt[15] are not essential elements of armed burglary and, of course, armed burglary has many elements not necessary to any attempt crime. Accordingly, under Blockburger, Borges, Smith, Norris and section 775.021(4) a defendant can be sentenced for the lawful conviction of attempted murder and for an armed burglary also occurring during the same factual event.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant's motion for rehearing is denied. Appellant's motion that we certify a question to the supreme court is granted and, we hereby certify the following questions to be of great public importance:[1]
a) DOES THERE EXIST UNDER FLORIDA LAW A CRIMINAL OFFENSE OF ATTEMPTED FELONY MURDER?
b) IF SO, WHAT ARE ITS ESSENTIAL CONSTITUENT ELEMENTS?
ORFINGER, C.J., and DAUKSCH, COBB, FRANK D. UPCHURCH, Jr., SHARP and COWART, JJ., concur.
NOTES
[1] Section 782.04 Murder. 

(1)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in s. 775.082.
[2] Section 782.04 Murder. 

(3) When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Section 782.04 Murder. 

(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, shall be murder in the third degree and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[4] For a treatment of the felony-murder rule and the judicial abrogation of it, see People v. Aaron, 409 Mich. 672, 299 N.W.2d 304 (1980), 13 A.L.R. 4th 1180.
[5] Section 777.04, Attempts, solicitation, conspiracy, generally. 

(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).
[1] Phillips v. State, 120 Fla. 134, 162 So. 346 (1935); Taylor v. State, 401 So.2d 812 (Fla. 5th DCA 1981); see cases cited in 1 W. Burdick, Law of Crime, § 120 n. 77 (1946).
[2] State v. Wright, 379 So.2d 96 (Fla. 1979); Mikenas v. State, 367 So.2d 606 (Fla. 1978); State v. Presley, 389 So.2d 216 (Fla. 5th DCA 1980); Marcum v. State, 379 So.2d 974 (Fla. 5th DCA 1979); § 782.04(3), Fla. Stat. (1981).

When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.04(3), Fla. Stat. (1981).
[3] The doctrine of felony murder is an artificial, statutory creation which often has led to illogical outgrowths. See State v. Williams, 254 So.2d 548 (Fla. 2d DCA 1971). The basis for the felony murder doctrine itself is under well-reasoned attack. See People v. Aaron, 409 Mich. 672, 299 N.W.2d 304 (1980).
[1] § 782.04, Fla. Stat. (1981).
[2] See Fla.Std.Jury Instr. (Crim.) 2.03(a) (2d ed. 1975), which states that the first essential element of the offense of attempt is that (1) the defendant formed an intent to commit the crime of (offense charged).
[3] Bishop N.C.L. I, sec. 730; Carter v. State, 28 Tex. App. 355, 13 S.W. 147 (1890); Maher v. People, 10 Mich. 212 (1862); Slatterly v. People, 58 N.Y. 354 (1874), cited in 1, W. Burdick, Law of Crime, § 120, p. 140, n. 77 (1946).
[4] State v. Taylor, 70 Vt. 1, 39 A. 447 (1898), cited in 1, W. Burdick, Law of Crime, § 139, p. 180, n. 34 (1946).
[5] See the exceptionally well-researched, reasoned and written opinion in People v. Aaron, 409 Mich. 672, 299 N.W.2d 304 (1980). See also, 13 A.L.R. 4th 1226 (1982).
[6] See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981).
[7] Neither does Judge Dauksch explain in the majority opinion how to avoid the ordinary logic he relied on in his dissent in Taylor v. State, 401 So.2d 812, 816 (Fla. 5th DCA 1981), when he wrote "one cannot attempt to commit a crime which requires no intent in the first place." The answer is that one may, in fact, have an intent to kill even though that intent is not, by law, required as an element of the offense charged.
[8] It is difficult to believe that the trial judge accepted Fleming's plea with Fleming expressly reserving a right to appeal on the ground that there was no factual basis for the plea unless it was acknowledged as a plea of convenience as is expressly permitted under Fla.R.Crim.P. 3.172(d). Notwithstanding Fla.R.Crim.P. 3.172(c)(iv), Fla.R.App.P. 9.140(b), and § 924.06(3), Fla. Stat. (1981), apparently Fleming was able to obtain review of his guilty plea to attempted first degree murder on mandatory review of his death sentence imposed on another count charging first degree murder.
[9] § 775.082, Fla. Stat. (1981).
[10] § 777.04, Fla. Stat. (1981).
[11] § 784.021(1)(a), Fla. Stat. (1981).
[12] See Fla.R.Crim.P. 3.150(a) and 3.505.
[13] See, e.g., Smith v. State, 430 So.2d 448 (Fla. 1983).
[14] Norris v. State, 429 So.2d 688 (Fla. 1983), is particularly in point here in holding one may be convicted and sentenced for first degree felony murder and also for the underlying burglary.
[15] Attempts are difficult to analyze under the Blockburger test. See Baker v. State, 425 So.2d 36, 59 (sect. 10A) (Fla. 5th DCA 1982) (Cowart, J., dissenting).
[1] See Fla.R.App.P. 9.030(a)(2)(A)(v).