COWART, Judge,
concurring specially:
We are affirming Perry’s conviction of attempted first degree murder which was obtained under jury instructions authorizing a conviction if the jury found an attempt to commit a premeditated first degree murder or if a death had resulted from the commission of the armed robbery or the armed burglary of a dwelling of which Perry was also charged.
Notwithstanding the matters argued in the dissent in Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), there is no difficulty in this case with Perry’s conviction of attempted murder because the allegations in the charging document and the proof at trial were adequate to show that Perry’s attempted murder of his victim actually consisted of what was, in fact, an aggravated battery committed with a specific intent to kill the victim, notwithstanding that the attempted murder was committed incidental to an on-going armed burglary (of which Perry was also convicted) and that Perry also committed an armed robbery of the victim (for which Perry was also convicted). See Taylor v. State, 444 So.2d 931 (Fla.1983). Also see the separate opinion in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983).
If Perry’s attempted murder victim had died the evidence would have supported a charge and conviction of premeditated murder (§ 782.04(l)(a)l., Fla.Stat.). According *555 ly, there need be no double jeopardy problem in this case such as is involved when there is a conviction of felony murder and of the underlying felony. See Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984).