456 So.2d 448 (1984)
Anita Marie AMLOTTE, Petitioner,
v.
STATE of Florida, Respondent.
No. 64107.
Supreme Court of Florida.
September 6, 1984.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
This is a petition to review a decision of the Fifth District Court of Appeal *449 reported as Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), in which the district court held that "attempted" felony murder is a crime in Florida. The district court certified the following questions to be of great public importance:
a) DOES THERE EXIST UNDER FLORIDA LAW A CRIMINAL OFFENSE OF ATTEMPTED FELONY MURDER?
b) IF SO, WHAT ARE ITS ESSENTIAL CONSTITUENT ELEMENTS?
435 So.2d at 258. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find that attempted felony murder is a crime in Florida and, therefore, we answer the first certified question in the affirmative. The essential elements of the crime are the perpetration of or the attempt to perpetrate an enumerated felony, together with an intentional overt act, or the aiding and abetting of such an act, which could, but does not, cause the death of another. We approve the decision of the district court.
The facts in the instant case reflect that the petitioner, Amlotte, went to a mobile home and asked to use the occupants' telephone. After being allowed into the trailer to use the telephone, Amlotte went to the door of the home and jumped outside. When she did so, two men covered with white sheets and carrying guns appeared. The woman occupant of the home called out to her husband to shoot the men. The husband, who had loaded his gun when he became suspicious of Amlotte while she was using the telephone, fired at the men. The two men returned fire and then left with Amlotte.
Amlotte was charged, in a three-count information, with unlawfully entering or remaining in a structure with intent to commit an offense therein, shooting into an occupied dwelling, and attempted felony murder. With regard to the attempted felony murder count, the information charged that Amlotte did "unlawfully attempt to kill a human being ... by shooting in the direction of him, and said attempted killing was committed by... [her] or a person acting in concert with her, while engaged in the perpetration, or in the attempt to perpetrate a burglary." Amlotte was found guilty on each count and was sentenced to serve three concurrent seven and one-half year prison terms.
Petitioner appealed to the Fifth District Court of Appeal, contending that the crime of attempted felony murder does not exist in Florida. The district court, in an en banc decision, affirmed petitioner's conviction for attempted felony murder. Relying on section 777.04(1), Florida Statutes (1981), which defines attempt, and on this Court's decision in Fleming v. State, 374 So.2d 954 (Fla. 1979), a majority of the district court held that "attempted first degree murder done in the felony murder mode is a crime." 435 So.2d at 251.
We agree with the district court that the crime of attempted felony murder exists in this state. In Fleming v. State, we considered the validity of a guilty plea to attempted first-degree murder for the shooting of a police officer. The defendant in Fleming asserted that there was no factual basis for the plea because the officer was shot accidentally during a struggle for the defendant's gun. We recognized that "[a]n `attempt' consists of two essential elements: (1) a specific intent to commit the crime, and (2) a separate overt, ineffectual act done towards its commission." 374 So.2d at 955 (citations omitted). We further noted that "[a]ny homicide committed during the perpetration or attempted perpetration of a felony constitutes first degree murder. State of mind is immaterial for the felony is said to supply the intent." Id. at 956 n. 1 (emphasis added). Although "the offense of attempted first degree murder requires a premeditated design to effect death," we concluded that "where the alleged `attempt' occurs during the commission of a felony ... the law presumes the existence of premeditation, just as it does under the felony murder rule." Id. at 956 (citations omitted). We find that whenever an individual perpetrates or attempts to perpetrate an enumerated felony, and during the commission of the felony the individual commits, aids, or *450 abets a specific overt act which could, but does not, cause the death of another, that individual will have committed the crime of attempted felony murder. Because the attempt occurs during the commission of a felony, the law, as under the felony murder doctrine, presumes the existence of the specific intent required to prove attempt.
Our conclusion is consistent with the reasoning in our recent decision in Gentry v. State, 437 So.2d 1097, 1098-99 (Fla. 1983), in which we held that "there are offenses that may be successfully prosecuted as an attempt without proof of a specific intent to commit the relevant completed offense." We determined that "[i]f the state is not required to show specific intent to successfully prosecute the completed crime, it will not be required to show specific intent to successfully prosecute an attempt to commit that crime." Id. at 1099.
The certified questions having been answered, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion in which McDONALD, J., concurs.
OVERTON, Justice, dissenting.
I dissent. The majority opinion has made it impossible to distinguish those crimes for which there can be an attempt from those crimes for which there cannot be an attempt. A conviction for the offense of attempt has always required proof of the intent to commit the underlying crime. See Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975); Robinson v. State, 263 So.2d 595 (Fla. 3d DCA 1972); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA), review denied, 207 So.2d 52 (Fla. 1967). By recognizing the crime of attempt with regard to felony murder, a crime in which the intent to kill is presumed, the Court has created a crime which necessitates the finding of an intent to commit a crime which requires no proof of intent. As stated by Judge Cowart in his dissenting opinion to the district court decision, this holding creates a "crime requiring one to intend to do an unintended act which is a logical absurdity and certainly an inadequate conceptual basis for something that needs to be as clear and understandable as do the elements of a felony crime." Amlotte v. State, 435 So.2d 249, 254 (Fla. 5th DCA 1983) (Cowart, J., dissenting). I substantially adopt the scholarly reasoning of Judge Cowart as set forth in his dissenting opinion.
The majority has arrived at an indefensible conclusion which gives Florida the dubious distinction of being one of the very few states to recognize such a crime. Of the states which have addressed this issue, most have rejected, as logically impossible, the crime of attempted felony murder, at least where the intent to kill is not proven. See Head v. State, 443 N.E.2d 44 (Ind. 1982); People v. Harris, 72 Ill.2d 16, 17 Ill.Dec. 838, 377 N.E.2d 28 (1978); State v. Dahlstrom, 276 Minn. 301, 150 N.W.2d 53 (1967); People v. Hassin, 48 A.D.2d 705, 368 N.Y.S.2d 253 (App.Div. 1975); Commonwealth v. Griffin, 310 Pa.Super. 39, 456 A.2d 171 (1983); cf. People v. Collie, 30 Cal.3d 43, 634 P.2d 534, 177 Cal. Rptr. 458 (1981) (specific intent to kill is necessary element of attempted murder and it cannot be inferred from commission of dangerous crime); Hargrave v. Commonwealth, 214 Va. 436, 201 S.E.2d 597 (1974) (use of deadly weapon insufficient to prove specific intent to establish attempted murder). But see White v. State, 266 Ark. 499, 585 S.W.2d 952 (1979); cf. Garcia v. State, 541 S.W.2d 428 (Tex. Crim. App. 1976) (jury may infer specific intent from use of a deadly weapon in an attempted murder trial). I find that this Court should reach the same conclusion.
In my view, the crime of felony murder is based upon a legal fiction which implies malice aforethought from the actor's intent to commit the underlying felony. Thus, whenever a person is killed during the commission of a felony, the felon is said to have had the intent to bring about the death even if the killing was unintended. *451 This doctrine has been extended to impute intent for deaths caused by the acts of co-felons, see, e.g., Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981), and police, see, e.g., State v. Wright, 379 So.2d 96 (Fla. 1979), during the perpetration of certain felonies. Further extension of the felony murder doctrine so as to make intent irrelevant for purposes of the attempt crime is illogical and without basis in law.
I recognize that our recent decision in Gentry v. State, 437 So.2d 1097 (Fla. 1983), gives support to the majority view. It is distinguishable from the instant case, however, because the completed crime in Gentry, which was second-degree murder, did not require proof of specific intent, as does first-degree murder.
I would recede from Fleming v. State, 374 So.2d 954 (Fla. 1979), to the extent that it recognized the crime of attempted felony murder and would at least distinguish Gentry. The legal question of whether attempted felony murder existed in Florida was not a major issue in Fleming. The defendant in Fleming pleaded guilty to first-degree murder and attempted first-degree murder, and he was sentenced to death. The validity of the death sentence was the primary issue in that case before this Court. There was absolutely no discussion in this Court's opinion of whether specific intent was an essential element of an attempt.
For the reasons expressed, I would quash the decision of the district court.
McDONALD, J., concurs.