486 So.2d 657 (1986)
Guy Randall JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-850.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Rehearing Denied May 2, 1986.
Richard Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is a belated appeal, pursuant to this court's grant of a petition for writ of habeas corpus, of judgment and sentence in a criminal case tried to a jury. We affirm the judgment and sentence, except as to the assessment of costs on the judgment form, which we strike.
*658 Together with Carlos Roberts Arevalo, appellant/defendant Guy Randall Johnson was indicted on one count of first degree murder of Lennie Volf and one count of attempted first degree murder, of Volf's girlfriend Sharon Ann Jones. Appellant's motions for judgment of acquittal at the close of the state's case and at the close of all the evidence were denied. The jury found Johnson guilty as charged on each count and he was so adjudicated. The trial court sentenced him to the mandatory minimum sentence of twenty-five years for the attempted murder, to be served concurrently.
Two issues, restated, in our view bear discussion:
I. Whether the trial court erred when it denied appellant's judgment of acquittal on the attempted murder charge, because the evidence failed to show the appellant aided or abetted a specific overt act during the commission of the felony that could have caused death. We conclude it did not.
II. Whether the printed statement on the judgment form, imposing costs, should be stricken. We conclude that it should.

I.
Appellant contends that his timely motions, at the close of the state's case and at the close of all the evidence, for entry of judgment of acquittal, should have been granted on the ground that the evidence against him was legally insufficient to convict him on the second count, attempted first degree murder. Appellant points out that the Florida Supreme Court has defined attempted felony murder as an individual's committing, aiding or abetting a specific overt act which could but does not cause another's death, while the individual is perpetrating or attempting to perpetrate one of the enumerated felonies. Amlotte v. State, 456 So.2d 448, 449-50 (Fla. 1984). Appellant argues that the only possible theory on which he could be charged with attempted first degree murder of Sharon Jones was attempted felony murder; yet Ms. Jones did not give testimony as to any overt act, that appellant committed, aided or abetted, towards her murder, and appellant's case tended to show that he was no longer present when Arevalo attacked Ms. Jones. Appellant further contends there was no evidence of premeditation of Johnson as regards Ms. Jones; any premeditation by Arevalo could not be imputed to Johnson, and there was no evidence of any preexisting plan to commit any felony of any kind against Ms. Jones.
The state contends that appellant's present line of argument was never presented to the trial court and is therefore not preserved for appeal. E.g., Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982) (One may not tender a position to the trial court on one ground and successfully offer a different basis for that position on appeal). In the instant case we do not see in the record of the trial proceedings any of the contentions made respecting his motion for judgment of acquittal on the attempted murder charge. Accordingly, he failed to preserve this issue for appeal.
Even if the issue were to be considered, appellant reads the law stated in Amlotte much too narrowly. Amlotte concerns, of course, attempted felony murder only, and not attempted premeditated murder. When the Florida Supreme Court in Amlotte speaks of the person's committing an overt act or aiding or abetting such an act during the commission of an enumerated felony, the word during does not refer narrowly to the time, in this case, when Volf was being murdered, or when something was removed from the premises, if the underlying offense was a robbery.
In State v. Wright, 379 So.2d 96 (Fla. 1979), the police intercepted three men attempting to leave after robbery of a store, and one of the robbers was killed by a police bullet. It was held Wright could be convicted of murder in death of his co-perpetrator, under section 782.04(3), Florida Statutes. Although the point was not addressed as an issue, the language of the statute that refers to persons killed during the perpetration of a felony was mentioned in the Wright opinion. Obviously *659 "during the perpetration of a felony" refers to the entire criminal episode, even including the period of attempted flight from the scene of the crime, and not narrowly when the underlying murder or robbery or other enumerated felony was actually occurring.
Here there was evidence appellant pointed a gun at Ms. Jones while his co-perpetrator was manhandling Volf. This alone could qualify as an overt act toward the attempted murder of Ms. Jones. Appellant was present during the entire episode, by some testimony, and one could reason that was the case even by his own statements. Even if he was waiting for Arevalo in the car at the time Arevalo was attacking Ms. Jones as he claims, it can be reasoned he was legally still present at that time for purposes of the Amlotte principle. There was testimony both by Arevalo and by witness Don Greene that indicates an intention of the perpetrators to commit robbery  to retrieve what Volf was holding as collateral for the cocaine he had given the perpetrators on credit. Appellant was an accomplice to that underlying offense and therefore could be guilty of attempted felony murder.
Appellant could also be guilty of attempted premeditated murder, being an accomplice, on the scene, of Arevalo, evidence of whose premeditation was certainly sufficient to justify letting a jury decide whether the intent was present. Premeditation may be deduced from such circumstances as the manner of the attempted murder and the nature and kind of wounds inflicted. Welty v. State, 402 So.2d 1159 (Fla. 1981). Premeditation need not refer to a design to take the person's life that originated a substantial period of time before the event; premeditation may occur a matter of moments before the murderous act, even after a battery has begun. See, e.g., Buford v. State, 403 So.2d 943 (Fla. 1981).

II.
There was no mention of imposition of costs upon appellant, when judgment and sentence were orally imposed. The judgment form has imprinted on it an order to pay $15 to the Crimes Compensation Trust Fund and $2 as a court cost; but the trial court never said anything about either.
Because the trial court did not express an intention to assess costs against the defendant, we follow Davis v. State, 477 So.2d 47 (Fla. 4th DCA 1985) (Per curiam) ("[I]f the sentence includes assessment of costs against appellant, that aspect of the sentence is stricken"); and Williams v. State, 478 So.2d 122 (Fla. 4th DCA 1985) (Per curiam) ("The form of the judgment contained an assessment of costs, which we strike.").
LETTS and DELL, JJ., concur.