PER CURIAM.
The final judgment and sentence erroneously adjudicates James Bell guilty on count II of grand theft, rather than petit theft, the crime the court adjudicated him guilty of committing at the plea hearing, and imposes a sentence greater than the maximum provided for in the plea agreement and allowed by statute for the crime of petit theft.[1] Thus, we reverse and remand the judgment and sentence with regard to count II.
We vacate the sentence imposed on count I and remand for resentencing on that count, because the record before the court at the time of sentencing did not affirmatively reflect that appellant was released from incarceration within 5 years of his commission of the offense for which he was being sentenced as required by section 775.084, Florida Statutes (1989). We reject the state’s argument that appellant did not preserve this issue for review, as a contemporaneous objection is not required to raise the issue of an illegal sentence on direct appeal. Larson v. State, 572 So.2d 1368, 1370 (Fla.1991); Williams v. State, 591 So.2d 948 (1st DCA Oct. 21, 1991).
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BOOTH and ZEHMER, JJ., concur.

. See §§ 775.082(4)(b), 812.014(2)(d), Fla.Stat. (1989).