GREEN, Judge.
The defendant, Thomas William Hannah, appeals the trial court’s judgment adjudicating him guilty of first-degree murder and grand theft of a firearm. Hannah was sentenced to life in prison, including a minimum of twenty-five years’ imprisonment on the first-degree murder charge and a concurrent sentence of twenty-eight months in prison on the grand theft charge. We affirm in part and reverse in part.
Hannah presents three points on appeal. He first contends that the first-degree murder conviction must be vacated because the jury verdict is legally inconsistent with first-degree felony murder and there is insufficient evidence to support a verdict of premeditated first-degree murder. Next, he contends that the state failed to prove the corpus delicti with respect to grand theft of a firearm. Finally, Hannah contends the trial judge erred in denying his request for the standard jury instruction on justifiable use of deadly force.
The grand jury for Hillsborough County returned an indictment charging Hannah with first-degree murder and armed robbery of Byron Patty. Hannah was arrested and gave a confession as to his involvement, but he denied shooting Patty. Statements by witnesses to the event, including Hannah’s confession, are in dispute on certain events. However, the facts essential to this appeal are that in the early morning hours of April 23, 1994, Hannah, who had a pistol, burst into Byron Patty’s room at the Expressway Inn in Tampa. The door to Patty’s room was slightly open. It was Hannah’s avowed intention to rob Byron Patty by the use of intimidation.
Four men, including Patty, were in the room when Hannah burst in. Hannah denied in his statement to police that he originally had the pistol in his hand; whereas two of the men testified he came in waving it. One of the men said Hannah fired a shot when he entered. Three occu *81 pants of the room ran into the bathroom, either on their own or as directed by Hannah. Patty lunged at Hannah, and the two men began struggling. One of the occupants claims to have opened the bathroom door and observed the shooting. His description of events was vague, and he testified that he could not tell which combatant pulled the trigger.
Patty was shot once in the upper back and once in the mid-back. One bullet went through the left lung, through the aorta, and grazed the left ventricle. It also passed through the diaphragm and the liver, coming to rest in the chest wall. The medical examiner testified that this wound would have been fatal within seconds or a period of less than two minutes and that Patty could not have survived, even if he had medical attention. The second bullet entered the mid-back at a different angle and exited through the front of Patty’s body. The muzzle of the pistol was against the skin for both shots, and the medical examiner could not say which shot occurred first. Patty had an abrasion on the left side of his forehead. His nose and the outer edge of his left eye were also scraped.
Hannah explained in his confession that because he was taller than Patty, he was able to turn the gun around toward Patty’s back and somehow the gun discharged because of pressure on the trigger by Patty’s finger. Hannah went on to state that he took Patty’s gun and clip from under a mattress and ran to a store where he was to be picked up by his collaborators. He stated to police that two of the room’s occupants conspired with him to commit the robbery and arranged to leave the door cracked open for his entrance. The medical examiner testified that while it was physically possible Patty could have shot himself, such an occurrence was highly unlikely.
The jury returned a verdict of guilty of first-degree murder and grand theft of a firearm, as a lesser included offense to robbery. The state acknowledges that grand theft of a firearm is not an enumerated crime which would support a felony murder conviction but contends that the jury could have concluded that Hannah was attempting to rob Patty, which would constitute an enumerated offense in support of a felony murder conviction. However, the jury was not presented with a verdict for the lesser included crime of attempted robbery, and the state’s theory on appeal was not argued to the jury.
We find it unnecessary to address the issue of felony murder, inasmuch as there was sufficient evidence to sustain the first-degree murder conviction by premeditation. Based upon the circumstance that either shot was disabling, the second shot was unnecessary to subdue the unarmed Patty. It was reasonable for the jury to conclude that Hannah formed a premeditated intention to kill Patty. “Premeditation may be deduced from such circumstances as the manner of the attempted murder and the nature and kind of wounds inflicted.” Johnson v. State, 486 So.2d 657, 659 (Fla. 4th DCA 1986) (citing Welty v. State, 402 So.2d 1159 (Fla.1981)). In Cochran v. State, 547 So.2d 928 (Fla.1989), the Supreme Court of Florida held: “The jury has the right to reject the defendant’s version of events, and so long as there is sufficient competent evidence to support a finding of premeditation, the court should accept the jury’s evaluation of the evidence.” Id. at 930. See also Demurjian v. State, 557 So.2d 642 (Fla. 4th DCA 1990).
Hannah contends that his conviction for grand theft of the firearm must be reversed in that there is no evidence supporting this charge except his confession. We agree. Although the three men in the bathroom heard sounds in the room after the shooting, there is no independent, competent evidence to support the charge of grand theft. See Sochor v. State, 580 So.2d 595, 600 (Fla.1991), judgment vacated on other grounds, 504 U.S. 527, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); State *82 v. Allen, 335 So.2d 823 (Fla.1976) (holding that it is a fundamental principle of law that no person can be adjudicated guilty of a crime until the state has shown by independent evidence that a crime has been committed).
Last, we find no error with respect to the trial judge’s denial of Hannah’s request for the standard jury instruction on justifiable use of deadly force. The facts of this case, viewed most favorably to Hannah, do not support this charge.
We therefore affirm Hannah’s judgment and sentence for first-degree murder but reverse his judgment and sentence for grand theft of a firearm, with directions to the trial court to dismiss the grand theft charge.
Affirmed in part; reversed in part.
PATTERSON, C.J., and PARKER, J., Concur.