821 So.2d 440 (2002)
STATE of Florida, Appellant,
v.
Bryant BLANTON, Appellee.
No. 5D01-3551.
District Court of Appeal of Florida, Fifth District.
July 19, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
Jeffrey D. Deen of Jeffrey D. Deen, P.A., Altamonte Springs, for Appellee.
PALMER, J.
The State appeals the final order entered by the trial court dismissing the charge of attempted felony murder filed against Bryant Blanton. The court based its ruling on Blanton's claim that the State improperly charged him with both robbery and attempted felony murder by using the same facts to support both. Since the *441 information alleged that the charge of attempted felony murder involved an intentional act which was not an essential element of the underlying felony of robbery, we reverse.
Blanton and a co-conspirator invaded Nora Metz's home. Blanton was armed with a stick and the co-conspirator was armed with a hand gun. Metz and a friend were forced inside the house at gunpoint. Blanton guarded two people who were present in the home while the co-conspirator dragged Metz to various parts of the house looking for money. While watching the others, Blanton hit one of his victims with the stick. The co-conspirator threatened to kill Metz and eventually shot her three times.
Blanton was charged with numerous crimes including home invasion robbery, robbery with a firearm, and attempted felony murder. He moved to dismiss the charge of attempted felony murder or, in the alternative, the two robbery counts, contending that the attempted felony murder charge had no elements which were not essential elements of the underlying charges of robbery. The trial court granted the motion and dismissed the attempted felony murder count. The State timely appeals this ruling.
The State contends that the trial court erred in granting Blanton's motion to dismiss because the robbery charges and the attempted felony murder charge contain separate elements and therefore can be prosecuted together. We agree.
In Thompson v. State 814 So.2d 1103 (Fla. 4th DCA 2002) the Fourth District discussed the history of the crime of attempted felony murder:
The statutory crime of attempted felony murder is relatively new. Originally, in setting forth the elements of the common law version of attempted felony murder, our supreme court held that: whenever an individual perpetrates or attempts to perpetrate an enumerated felony, and during the commission of the felony the individual commits, aids, or abets a specific overt act which could, but does not, cause the death of another, that individual will have committed the crime of attempted felony murder. Amlotte v. State, 456 So.2d 448, 449-50 (Fla. 1984), abrogated by, State v. Gray, 654 So.2d 552 (Fla.1995). The Amlotte court reasoned that "because the attempt occurs during the commission of a felony, the law, as under the felony murder doctrine, presumes the existence of the specific intent required to prove attempt." Id. at 450. However, in Gray, the supreme court reversed itself, reasoning that the "legal fictions required to support the intent for felony murder are simply too great" to extend to attempted felony murder. Gray, 654 So.2d at 554. Thus, the court declared the crime of attempted felony murder did not exist. Id. The legislature responded by enacting section 782.051(1), thereby making attempted felony murder a crime once again. Section 782.051(1) provides:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree....
The trial court erred in granting Blanton's motion to dismiss because the State alleged that the attempted felony murder count involved an intentional act that was not an essential element of the underlying robbery charges. As a result, the State is entitled to receive the opportunity to prosecute the crimes of attempted felony murder and robbery. If, at trial, the State *442 fails to present evidence that an intentional act resulting in the attempted felony murder charge is not an essential element of the underlying felony of robbery, Blanton is free to move for entry of a judgment of acquittal.
REVERSED AND REMANDED.
COBB and ORFINGER, R.B., JJ., concur.