CONFESSION OF ERROR

PER CURIAM.
S.D.F. was charged by a petition for delinquency with battery on an elected school official or employee (“Count 1”), aggravated battery (“Count 2”), and disturbing the peace by interfering with school administrative functions (“Count 3”). At the adjudicatory hearing, the trial court ruled that S.D.F. had committed the offense of simple battery, a lesser included offense of Count 1, and dismissed Counts 2 and 3. The trial court also ruled at the hearing that S.D.F. was required to complete 25 hours of community service at a rate of five hours per month.
However, the subsequent written adjudicatory and probation orders are inconsistent with the trial court’s oral pronouncements at the hearing. The written adjudicatory order indicates that S.D.F. was found to have committed all counts as charged in the petition for delinquency. Additionally, the written probation order requires S.D.F. to complete 30 hours of community service. S.D.F. appeals from these written orders.
Based on the State’s proper confession of error, we reverse and remand to the trial court to correct its written adjudicate- *888 ry and probation orders to conform with its oral pronouncements. See S.S.M. v. State, 875 So.2d 763, 763 (Fla. 3d DCA 2004)(holding that “a written probation order must conform with the trial court’s oral pronouncements at sentencing”); Creme v. State, 752 So.2d 1238, 1239 (Fla. 3d DCA 2000)(reversing and remanding to trial court to correct sentencing order so that it comports with the trial court’s oral pronouncements); Bell v. State, 596 So.2d 479, 480 (Fla. 1st DCA 1992); Johnson v. State, 486 So.2d 657, 659 (Fla. 4th DCA 1986).
Reversed and remanded with instructions.