PER CURIAM.
The defendant appeals an order summarily denying his rule 3.850 motion for postconviction relief. We affirm in part and reverse in part.
Williams and a co-defendant were charged with two counts (I & II) of attempted first degree premeditated murder; two counts (III & IV) of attempted first degree felony murder; two counts (V & VI) of attempted robbery; and (VU) grand theft. For each count except grand theft, the information charged the defendants with arming themselves with a pistol and shotgun, which they discharged in the course of committing the offense. The offenses involved the shooting of two private security guards in an attempted robbery of an armored car.
The defendant entered an open plea of nolo contendere to counts III-VII and the state nolle prossed counts I & II. The trial court sentenced the defendant to four concurrent terms of life for counts III-VT, and to a concurrent term of five years for count VII, all concurrent with his federal sentence stemming from the same incident. The defendant filed a motion for postconviction relief. Granting a portion of ground one of the motion, the trial court reduced each of the sentences for the two counts of attempted robbery to a twenty-year mandatory minimum. We affirm without discussion the summary denial of the balance of ground one.
The trial court also summarily denied the remaining two grounds of the motion. In his second ground, the defendant argued that the information was legally insufficient to charge the offense of attempted felony murder. In counts III and IV, the information charged him with unlawfully attempting a robbery while committing an intentional act in furtherance of the perpetration or attempt, which could have caused, but did not cause, the death of *952 another, and which is not an essential element of the enumerated felony: shooting another human being. In this case, however, he argued that the shooting was an essential element of the enumerated felony, because the taking, in a robbery, must be accomplished by force, violence, assault, or putting in fear. Thus, he took the position that counts III and IV of the information legally failed to charge the offense.
We affirm the summary denial of this ground because it was not cognizable in a rule 3.850 motion. The defendant should have challenged the information prior to entering a plea. If he was unsuccessful, he could have raised the issue on direct appeal.
In his third ground, the defendant argued that counsel’s advice against a jury trial and failure to research the issue raised in ground two constituted ineffective assistance of counsel and rendered his plea involuntary. It appears this issue may have merit. Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003), quashed on other grounds, 39 So.3d 237 (Fla.2010).[1] However, the defendant failed to allege that “but for” these deficiencies he would not have entered his plea. See Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.) (citing Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)), cert. denied, 543 U.S. 1000, 125 S.Ct. 627, 160 L.Ed.2d 458 (2004); Cousino v. State, 770 So.2d 1258 (Fla. 4th DCA 2000). The trial court therefore should have stricken this allegation giving the defendant leave to amend, pursuant to Spera v. State, 971 So.2d 754 (Fla.2007). For this reason, we reverse on this issue only and remand to the trial court for further proceedings consistent with this opinion.
The defendant is cautioned, however, that to vacate his plea, he will have to allege and prove that he would have proceeded to trial on the original charges, including the two counts of attempted premeditated murder, where the concern addressed by Coicou would not arise, and without an agreement that any sentence imposed will be run concurrent with his federal sentence. In the event he succeeds in vacating his plea and proceeding to trial, the state will have the opportunity to attempt to prove he committed an intentional act that established the attempted felony murder, but which was not an essential element of the underlying robbery. State v. Blanton, 821 So.2d 440 (Fla. 5th DCA 2002).

Affirmed in part, Reversed in part, and Remanded for further proceedings.

GROSS, C.J., WARNER and MAY, JJ., concur.

. In Coicou, the Third District reversed a conviction for attempted first degree felony murder because the act of shooting the victim was used to prove the essential elements of both the attempted felony murder and the underlying robbery.